IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BECTON, DICKINSON AND COMPANY, GENEOHM SCIENCES CANADA, INC. and HANDYLAB, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 19-1126 (LPS) |
| v. | ) ) | |
| NEUMODX MOLECULAR, INC., | ) ) | |
| Defendant. | ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Plaintiffs Becton, Dickinson and Company, GeneOhm Sciences Canada, Inc. and HandyLab, Inc. (collectively, "Plaintiffs") and Defendant NeuMoDx Molecular, Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information ("Confidential Information") are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for this Protective Order ("Order" or "Protective Order").

**I.    DEFINITIONS**

1.    "Action":  the above-captioned action, *Becton, Dickinson and Company et al. v. NeuMoDx Molecular, Inc.*, C.A. No. 19-1126-LPS.

2.    "Party":  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1

3.      "Material":  all information, testimony, documents, and things produced, served, or otherwise provided in this Action by the Parties or by non-parties.

4.      "CONFIDENTIAL Material":  information, documents, and things the Designating Party (defined below) believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  This designation includes all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.

5.      "OUTSIDE COUNSEL EYES ONLY Material":  information, documents, and things the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  The designation is reserved for information that constitutes proprietary financial or technical or commercially sensitive competitive information that the Designating Party maintains as highly confidential in its business, including information obtained from a non-party pursuant to a Nondisclosure Agreement ("NDA"), information relating to future products, strategic plans, nonpublic financial data, documents that would reveal trade secrets, licensing documents or licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Designating Party.

This designation includes all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.

6. "Producing Party": a Party or non-party that produces Material in this Action.

7. "Receiving Party": a Party that receives Material from a Producing Party.

8. "Designated Material": Material that is designated "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" under this Order.

9. "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY."

10. "Outside Counsel": (i) outside counsel who appears on the pleadings as counsel for a Party or who has otherwise entered an appearance in this Action; (ii) partners, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters; (iii) independent legal translators retained to translate in connection with this Action, or independent shorthand reporters retained to record and transcribe testimony in connection with this Action. "Outside Counsel" does not include any person who is an employee, director, or officer of a Party or a Party's affiliates even if that person appears on the pleadings as counsel for a Party.

11. "Outside Consultant": a person with specialized knowledge or experience in subject matter pertinent to the Action who has been retained by a Party or its Outside Counsel to serve as an expert witness or as an expert consultant in this Action and who is not a current employee, officer, or director of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee, officer, or director of a Party or of a competitor of a Party.

3

12.     "Professional Vendors":  persons or entities that provide litigation support services (e.g., photocopying, organizing, storing, or retrieval of data in any form or medium, videotaping, translating, designing and preparing exhibits, graphics, or demonstrations, etc.) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

## II.     SCOPE

1.     The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein changes in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the rules of the United States District Court for the District of Delaware, and the Court's orders applicable to this case.

## III.     ACCESS TO DESIGNATED MATERIAL

### A.     INFORMATION DESIGNATED AS "CONFIDENTIAL" MATERIAL

1.     Any document or tangible thing containing or including any Confidential Information (as defined above) may be designated as such by the Producing Party as "CONFIDENTIAL." Confidential Information includes documents and tangible things produced for or disclosed in connection with this Action by a Producing Party, which includes any Party to this Action and any non-party producing information or material voluntarily or pursuant to a

subpoena or a court order in connection with this Action.  In determining whether information shall be designated as "CONFIDENTIAL," each Party agrees to use such designation in good faith.

2.    Documents designated "CONFIDENTIAL" and information contained therein shall be available only to:

a.    persons who appear on the face of Designated Material as an author, addressee, or recipient thereof, provided that former employees of a Producing Party are reminded of and acknowledge any confidentiality obligations with respect to former employers before being shown Designated Material of a Producing Party that is a former employer;

b.    Outside Counsel;

c.    a maximum of two (2) officers, directors, or employees of each Party whose responsibilities include overseeing this litigation.  Employees to whom such information will be made available must be identified to the Producing Party and sign the form attached hereto as Exhibit A.

d.    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the form attached hereto as Exhibit A.  Disclosure may be made to such Outside Consultants of the Receiving Party only pursuant to and after completion of the procedures set out in Section V below;

e.    witnesses of the Producing Party at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

f.    this Court in this Action and the court in any appeal from this Action, in each case including such court's personnel;

g.      independent legal translators retained to translate in connection with this Action; court reporters, independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this Action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action; non-technical jury or trial consulting services, including mock jurors provided the mock jurors sign the form attached hereto as Exhibit A.

h.      any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff;

i.      Professional Vendors to which disclosure is reasonably necessary for this litigation.

3.      Any document or tangible thing containing or including any Confidential Information may be designated as such by the Producing Party by marking it "CONFIDENTIAL".  The "CONFIDENTIAL" marking shall be placed clearly on each page of the Designated Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

4.      All CONFIDENTIAL information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in Paragraph III.A.3., shall be designated as such by the Producing Party by informing the Receiving Party of the designation in writing at or before the time the information is provided to the Receiving Party.

5.      The following information is not CONFIDENTIAL information:

a.      any information that is or, after its disclosure to a Receiving Party,

becomes part of the public domain as a result of publication not involving a violation of this

Order or other obligation to maintain the confidentiality of such information;

b.      any information that the Receiving Party can show was already publicly

known prior to the disclosure; and

c.      any information that the Receiving Party can show by written records was

received by it from a source who obtained the information lawfully and under no obligation of

confidentiality to the Producing Party.

## B.      INFORMATION DESIGNATED AS "OUTSIDE COUNSEL EYES ONLY" MATERIAL

1.      Any document or tangible thing containing or including any Confidential

Information (as defined above) may be designated as such by the Producing Party as "OUTSIDE

COUNSEL EYES ONLY."  Confidential Information includes documents and tangible things

produced for or disclosed in connection with this Action by a Producing Party, which includes

any Party to this Action and any non-party producing information or material voluntarily or

pursuant to a subpoena or a court order in connection with this Action.  In determining whether

information should be designated as "OUTSIDE COUNSEL EYES ONLY," each Party agrees

to use such designation in good faith.

2.      Documents designated "OUTSIDE COUNSEL EYES ONLY" and information

contained therein shall be available only to:

a.      persons who appear on the face of Designated Material as an author,

addressee, or recipient thereof, provided that former employees of a Producing Party are

reminded of and acknowledge any confidentiality obligations with respect to former employers

before being shown Designated Material of a Producing Party that is a former employer;

  b. Outside Counsel;

  c. Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the form attached hereto as Exhibit A.  Disclosure may be made to such Outside Consultants of the Receiving Party only pursuant to and after completion of the procedures set out in Section V below;

  d. witnesses of the Producing Party at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

  e. this Court in this Action and the court in any appeal from this Action, in each case including such court's personnel;

  f. independent legal translators retained to translate in connection with this Action; court reporters, independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this Action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action; non-technical jury or trial consulting services, including mock jurors provided the mock jurors sign the form attached hereto as Exhibit A;

  g. any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff;

  h. Professional Vendors to which disclosure is reasonably necessary for this litigation.

  3. Any document or tangible thing containing or including any OUTSIDE COUNSEL EYES ONLY information may be designated as such by the Producing Party by

marking it "OUTSIDE COUNSEL EYES ONLY".  The "OUTSIDE COUNSEL EYES ONLY"

marking shall be placed clearly on each page of the Designated Material (except deposition and

hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts,

the words "OUTSIDE COUNSEL EYES ONLY" shall be placed on the cover page of the

transcript (if not already present on the cover page of the transcript when received from the court

reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of

the designation of some or all of that transcript as "OUTSIDE COUNSEL EYES ONLY."

4.      All OUTSIDE COUNSEL EYES ONLY information not reduced to

documentary, tangible or physical form, or which cannot be conveniently designated as set forth

in Paragraph III.B.3., shall be designated as such by the Producing Party by informing the

Receiving Party of the designation in writing at or before the time the information is provided to

the Receiving Party.

5.      Any documents (including physical objects) made available for inspection by the

Receiving Party's Outside Counsel before producing copies of selected items shall initially be

considered, as a whole, to constitute OUTSIDE COUNSEL EYES ONLY information unless

otherwise designated at the time of inspection and shall be subject to this Order.  Thereafter, the

Producing Party shall have a reasonable time to review and designate the appropriate documents

as OUTSIDE COUNSEL EYES ONLY information (or otherwise as appropriate) before

furnishing copies to the Receiving Party.

6.      The following information is not OUTSIDE COUNSEL EYES ONLY

information:

a.      any information that is or, after its disclosure to a Receiving Party,

becomes part of the public domain as a result of publication not involving a violation of this

Order or other obligation to maintain the confidentiality of such information;

    b.  any information that the Receiving Party can show was already publicly known prior to the disclosure; and

    c.  any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

    **C.**  **USE OF DESIGNATED MATERIAL AT TRIAL AND HEARINGS**

   The Parties shall provide sufficient advance notice and meet and confer in advance of any hearings and trial regarding the use of Designated Materials at the same.

**IV.**  **PROSECUTION BAR**

   1.  Any person reviewing any of an opposing Party's OUTSIDE COUNSEL EYES ONLY Material (all of which shall also be automatically designated as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending two (2) years after final and non-appealable termination of this litigation, engage in any Prosecution Activity (as defined below) involving claims directed to microfluidic cartridge-based systems for performing PCR amplification and detection, and methods, compositions, and kits for same ("Relevant Subject Matter").  Out of an abundance of caution, the Parties note that Relevant Subject Matter excludes claims directed to, *e.g.*, nucleic acid sequencing; single-cell isolation and analysis; proteomics and transcriptional profiling; specific types of PCR technologies, *e.g.*, digital PCR; and nucleic-acid bar-coding.

   2.  "Prosecution Activity" shall mean involvement in the preparation or prosecution (for any person or entity) of patent applications before any foreign or domestic agency, including the United States Patent and Trademark Office, relating to the Relevant Subject Matter or information contained in any Prosecution Bar Materials.  Nothing in this paragraph shall prevent

any attorney from participating in any aspect of any opposition or post-grant review proceeding, including any *inter partes* review proceeding.  In addition, nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

## V.    DISCLOSURE TO OUTSIDE CONSULTANTS

1.    Designated Material may be furnished and disclosed to the Receiving Party's technical advisers and their necessary support personnel as Outside Consultants.

2.    No disclosure of Designated Material to Outside Consultants or their necessary support personnel shall occur until that person has signed the form attached hereto as Exhibit A, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under Paragraph V.3, that objection is resolved according to the procedures set forth below.

3.    A Party desiring to disclose another Party's Designated Material to an Outside Consultant shall also give prior written notice of the intended disclosure by email to all counsel of record in this Action.  The Producing Party shall have five (5) business days after such notice is given to object in writing to the disclosure.  The Party desiring to disclose Designated Material to an Outside Consultants must provide the following information for each Outside Consultant: the consultant's name; address; curriculum vitae; current employer; employment and consulting history for the preceding ten (10) years; a listing of cases in which the consultant has testified as an expert at trial or by deposition within the preceding five (5) years, and an identification of any patents or published patent applications that the consultant owns in whole or in part or in which

the consultant is identified as an inventor or applicant.  No Designated Material shall be disclosed to such consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

4.    A Party objecting to disclosure of Designated Material to an Outside Consultant shall state with particularity the ground(s) for the objection.  The objecting Party's consent to the disclosure of Designated Material to an Outside Consultant shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Designated Material to the Outside Consultant will result in specific business or economic harm to that Party.

5.    If after consideration of the objection, the Party desiring to disclose the Designated Material to an Outside Consultant refuses to withdraw the Outside Consultant, that Party shall provide notice to the objecting Party and request a conference with the objecting Party, with such conference to occur within five (5) business days.  Thereafter, the objecting Party shall initiate the Court's discovery dispute procedure for a ruling on its objection, within five (5) business days of the parties' conference.  A failure to initiate a dispute with the Court within the five (5) business day period, absent an agreement of the Parties to the contrary or for an extension of such five (5) business day period, shall operate as an approval of disclosure of the Designated Material to the Outside Consultant.  The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

6.    The objecting Party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Designated Material to the Outside Consultant.  This "good cause" shall include a particularized showing that: (i) the Designated Material is confidential

commercial information, (ii) disclosure of the Designated Material likely would result in a

clearly defined and serious injury to the objecting Party's business, and (iii) the Outside

Consultant's access to Designated Material may create other confidentiality or legal risks in

connection with other patent-related activities or interests tied to the Outside Consultant.

7.      A Party who has not previously objected to disclosure of Designated Material to

an Outside Consultant or whose objection has been resolved with respect to previously produced

Material shall not be precluded from raising an objection to an Outside Consultant at a later time

with respect to Material that is produced after the time for objecting to such an Outside

Consultant has expired.  Any such objection shall be handled in accordance with the provisions

set forth above in Paragraphs V.2-6, above.

## VI.   CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

1.      The Parties shall use reasonable care when designating Material as

CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY.  Nothing in this Order shall prevent a

Receiving Party from contending that any Material designated as CONFIDENTIAL or

OUTSIDE COUNSEL EYES ONLY has been improperly designated.  A Receiving Party may at

any time request that the Producing Party cancel or modify the CONFIDENTIAL or OUTSIDE

COUNSEL EYES ONLY designation with respect to any document or information contained

therein.

2.      A Party shall not be obligated to challenge the propriety of a designation of

CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY at the time of production, and a

failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be

written, shall be served on counsel for the Producing Party, and shall identify with specificity the

Material that the Receiving Party contends should be differently designated.  The Parties shall

use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any Material shall at all times be and remain on the Producing Party.

3.      Until a determination by the Court, the Material in issue shall be treated as having been properly designated and subject to the terms of this Order.

4.      To the extent the Parties dispute the propriety of a designation of CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY, the Parties are not limited to arguing about whether the document(s) at issue were properly designated and retain and reserve all of their rights and arguments. For example, nothing shall prevent the Producing Party from arguing and the Parties retain the right to argue that, given the subject matter of the document(s) at issue, the individuals that may otherwise qualify to receive Designated Material under Section III.A.2 should not receive such documents, *e.g.*, because they are competitive decisionmakers, Board members, or officers.

## VII.    LIMITATIONS ON THE USE OF DESIGNATED MATERIAL

1.      All Designated Material shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this Action, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such Material as herein provided. All produced Designated Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Material.

2.      Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which

such person has prior knowledge.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such Material, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  Without in any way limiting the generality of the foregoing:

a.      a present director, officer, agent and/or employee of a Producing Party may be interviewed, examined, and may testify concerning all Designated Material which has been produced by that Party.

b.      a former director, officer, agent and/or employee of a Producing Party may be interviewed, examined, and may testify concerning all Designated Material which has been produced by that Party, and which pertains to the period or periods of his or her employment.

c.      non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party.  The parties agree to meet and confer with any attorney representing a non-party witness in advance of any examination that may involve Designated Material regarding that attorney's access to Designated Material and the requirements of this Order.

3.      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

Designated Material shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information for use in connection with this Action.  Such working copies, abstracts, digests and analyses shall be deemed Designated Material under the terms of this Order and subject to all of the terms and conditions of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this Action, provided that access to that Designated Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

4.      At the request of any Party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" by the reporter.  This request may be made orally during the deposition or in writing within thirty (30) days of receipt of the final certified transcript.  Deposition transcripts shall be treated by default as OUTSIDE COUNSEL EYES ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

## VIII.   NON-PARTY USE OF THIS PROTECTIVE ORDER

1.      A non-party producing Material voluntarily or pursuant to a subpoena or a court order may designate such Material as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY pursuant to the terms of this Protective Order.  The non-party shall have thirty (30) days after

production of such Material to make such a designation.  Until that time period lapses or until

such a designation has been made, whichever occurs sooner, all Material so produced or given

shall be treated as OUTSIDE COUNSEL EYES ONLY in accordance with this Order.

2.      A non-party's use of this Protective Order to protect its Designated Material does

not entitle that non-party access to the Designated Material produced by any Party in this Action.

## IX.      NO WAIVER OF PRIVILEGE

1.      Nothing in this Protective Order shall require production of Material that a Party

contends is protected from disclosure by the attorney-client privilege, the work product

immunity, or any other privilege, doctrine, right, or immunity.  If Material subject to a claim of

attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity

is nevertheless inadvertently or unintentionally produced, such production shall in no way

prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or

immunity.  Any Party that inadvertently produces Material protected by the attorney-client

privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the

return of that Material by notifying the recipient(s) as soon as reasonably possible after discovery

of the inadvertent production and providing a privilege log for the inadvertently-produced

Material.  The recipient(s) shall gather and return all copies of the privileged Material to the

Producing Party, except for any pages containing privileged markings by the recipient, which

pages shall instead be destroyed and certified as such by the recipient to the Producing Party.

The recipient shall also destroy any other documents or material derived from or based on the

privileged Material.  Notwithstanding this provision, Outside Counsel are not required to delete

information that may reside on their respective firm's electronic back-up systems that are over-

written in the normal course of business.

## X.      OTHER PROCEEDINGS

1.      By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to object, appear and be heard on whether that information should be disclosed.

## XI.     MISCELLANEOUS PROVISIONS

1.      There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such Material to protect against disclosure to any unauthorized persons or entities.

2.      The Order applies to pretrial discovery.  Subject to the restrictions in Paragraph III.C, above, nothing in this Order shall be deemed to prevent the Parties from introducing any Designated Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action, subject to any pretrial order issued by this Court.

3.      Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the Party or its counsel against whom such waiver will be effective.

4.      Nothing in this Order shall be deemed to preclude the Parties from agreeing to disclose or exchange Material for purposes of Alternative Dispute Resolution ("ADR") that might otherwise be covered by this Order.

5.      Inadvertent or unintentional production of Material containing Confidential

Information which is not designated as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the Producing Party shall, as soon as reasonably possible after discovery of the failure to designate, notify the other Parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  After receiving the replacement pages, the Receiving Party or Parties shall then destroy all misdesignated copies of the inadvertently or unintentionally produced Material and otherwise conform documents, information, or material derived from the Material to the proper designation.  In the event of any disclosure of Confidential Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the Party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including retrieving all copies of the Confidential Information from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Information in any form.  Compliance with the foregoing shall not prevent any Party from seeking further relief from the Court.

6.      The failure to designate Material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of Material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

7.      Within sixty (60) calendar days after termination of this Action, whether such termination arises from dismissal, judgment (including exhaustion of all appeals or settlement),

or otherwise, any Receiving Party shall destroy or return Designated Material to the producing

Party and provide prompt notice in writing attesting to any such destruction.  Notwithstanding

the prior sentence, outside counsel for a Receiving Party may retain a copy of any pleading, court

filing, transcript (for each deposition, hearing, and trial), written discovery responses, expert

report, and attorney work product, including attorney email, regardless of whether it includes or

details Designated Material.  Any Designated Material retained by outside counsel pursuant to

this provision shall remain subject to this Order.

8.      If at any time documents containing Designated Material are subpoenaed by any

court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the

person to whom the subpoena or other request is directed shall immediately give written notice

thereof to every Party who has produced such documents and to its counsel and shall provide

each such Party with an opportunity to object to the production of such documents.  If a

producing Party does not take steps to prevent disclosure of such documents within ten (10)

business days of the date written notice is given, the Party to whom the referenced subpoena is

directed may produce such documents in response thereto, but shall take all reasonable measures

to have such documents treated in accordance with terms of this Protective Order.

9.      Testifying experts shall not be subject to discovery of any draft of their reports in

this Action and such draft reports, notes, outlines, or any other writings leading up to an issued

report(s) in this Action are exempt from discovery.  In addition, all communications between

counsel for a Party and that Party's testifying expert, and all materials generated by a testifying

expert with respect to that person's work, are exempt from discovery unless they relate to the

expert's compensation or identify facts, data, or assumptions relied upon by the expert in

forming an opinion in this Action and such information is not already disclosed in the expert's

report.  Notwithstanding this provision, a Party may seek discovery as to which materials were considered by or provided to a testifying expert in forming an opinion in this Action.

10.     No Party shall be required to identify on its respective privilege log any document or communication dated on or after the filing of the lawsuit, which, absent this provision, the Party would have been obligated to so identify on said privilege log.  The Parties shall exchange their respective privilege logs within thirty (30) days of the date for substantial completion of document production as set forth in Paragraph 8(b) of the Scheduling Order submitted to the Court on March 24, 2020 (D.I. 29) or as otherwise modified by Court order.

11.     Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

12.     This Order is entered without prejudice to the right of any Party to file a motion with the Court at any time to: (i) modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this Action; and (ii) to apply for additional protection of Designated Material.  Furthermore, without application to this Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

13.     The United States District Court for the District of Delaware is responsible for the

interpretation and enforcement of this Order.  After termination of this Action, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of Designated Material for enforcement of the provision of this Order following termination of this Action.  All disputes concerning Designated Material produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

14.     Nothing in this Protective Order shall preclude or impede Outside Counsel's ability to communicate with or advise their client in connection with this Action only based on such counsel's review and evaluation of Designated Material, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Designated Material other than as permitted under this Protective Order.

15.     Each of the Parties agrees to be bound by the terms of this Protective Order as of the date Counsel of Record for such Party executes this Protective Order, even if prior to entry of this Order by the Court.

16.     Every individual who reviews Designated Material acknowledges that a breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law.  A Party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Order.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Michael J. Flynn
_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiffs Becton, Dickinson and
Company, GeneOhm Sciences Canada, Inc.
and HandyLab, Inc.*

April 28, 2020

FARNAN LLP

/s/ Michael J. Farnan
_____
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant NeuMoDx
Molecular, Inc.*

**SO ORDERED this day _____ of _____ 2020.**

_____
The Honorable Leonard P. Stark
Chief, United States District Judge

**EXHIBIT A TO THE AGREED PROTECTIVE ORDER**
**CONFIDENTIAL AGREEMENT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BECTON, DICKINSON AND COMPANY, | ) | |
| GENEOHM SCIENCES CANADA, INC. | ) | |
| and HANDYLAB, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 19-1126 (LPS) |
| | ) | |
| v. | ) | |
| | ) | |
| NEUMODX MOLECULAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

1.      My name is

_____.

2.      I reside at

_____.

3.      My current employer is

_____.

4.      My current occupation or job description is

_____.

5.      I have read the Agreed Protective Order dated _____, 2020, and

have been engaged as _____ on behalf

of _____ in the preparation and conduct of litigation styled *Becton,*

*Dickinson and Co. et al. v. NeuMoDx Molecular, Inc.*, C.A. No. 1:19-cv-01126-LPS (D. Del.).

6.      I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I understand that I am to retain all copies of any documents designated as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY, or any similar designation, are to be returned to counsel who provided me with such material.

7.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of the above-captioned action, any information obtained pursuant to said Order, except as provided in said Order.

8.      In accordance with Paragraph V.3 of the Agreed Protective Order (if applicable), I have attached my resume, curriculum vitae, or other information to this executed Confidentiality Agreement sufficient to identify: my current employer and employment history for the preceding ten (10) years; and the cases in which I have testified as an expert at trial or by deposition within the preceding five (5) years; and any patents or published patent applications that I own in whole or in part, or in which I am identified as an inventor or applicant.

9.      I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Order in the above-captioned action.

10.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _____

Executed on _____, 20___.

- 2 -