

September 1, 2020

**VIA E-FILING**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Unit 26
Wilmington, DE 19801-3556

> RE:  Becton, Dickinson and Company, et al. v. NeuMoDx Molecular, Inc.
>      <u>C.A. No. 19-cv-1126-LPS</u>

Dear Chief Judge Stark,

Defendant NeuMoDx Molecular, Inc. ("NeuMoDx") submits this response to Plaintiffs' August 28, 2020 request to compel prior versions of certain core technical documents. (D.I. 67.)

The parties disagree over what constitutes a "core technical document" for purposes of satisfying the Court's default order and the parties' scheduling order. The term is not defined in either order. When NeuMoDx specifically asked for Plaintiffs' interpretation of what constitutes a "core technical document" very early in this process, Plaintiffs responded that core technical documents are the documents needed to prepare Plaintiffs initial infringement contentions.

NeuMoDx has complied. The parties have engaged in multiple meetings, exchanged many emails and NeuMoDx has been diligent in investigating and following up on Plaintiffs questions regarding documents produced and requests for additional documents. To date, NeuMoDx has produced over 90,000 pages of core technical documents. These documents are NeuMoDx's most critical and sensitive documents, including system architecture, CAD files, assembly drawings, product specifications, manufacturing and assembly procedures, quality testing procedures, operating manuals, product manuals, instructions for use, product labels, product packaging, assay definition files, firmware, software specifications, method handling specifications, regulatory submissions, design history files and device master records. These are the documents NeuMoDx uses to build and perform quality control on its systems and products, the documents that describe the interaction between the various pieces of equipment in NeuMoDx's system, and the internal documents that demonstrate how the system operates, including the entire software specifications that dictate internal operation of NeuMoDx's system. NeuMoDx produced its current versions of the above documents per what it understands to be the Court's core technical document requirement. Those are the versions applicable to NeuMoDx's commercially launched accused products. Indeed, if NeuMoDx had produced outdated or old versions of these documents, Plaintiffs would object.

Plaintiffs are treating the "core technical document" production requirement as if NeuMoDx is obligated to produce every single technical and regulatory document in its files, not core technical documents to allow BD to prepare its infringement contentions. Plaintiffs'

document requests are proof on point. Two (2) days after requesting a hearing date from the Court on the present motion on August 17, 2020, Plaintiffs served document requests on August 19, 2020 seeking (1) all prior versions or revisions of any technical document produced by NeuMoDx (a request that encompasses over 90,000 pages of technical documents), and (2) all prior versions and revisions of 18 more specific documents. (D.I. 67, Ex. A.) While document request no. 2 is narrower, document request no. 1 is not limited to "core technical documents", but rather includes prior versions and revisions of all "technical documents." This is an incredibly broad, burdensome, time consuming and unnecessary request.

NeuMoDx does believe, however, that there may be a compromise solution. Unlike the bulk of Plaintiffs' motion and document request no. 1, both of which request prior versions and revisions of over 90,000 pages of technical documents, Plaintiffs' Alternative Request and document request no. 2 both seek prior versions and revisions of 18 identified documents. While still burdensome, document request no. 2 is far more reasonable than document request no. 1. Because of its specificity, Plaintiffs' document request no. 2 effectively eliminates the parties' dispute over what constitutes a "core technical document." NeuMoDx's deadline to respond to document request no. 2 is September 18, 2020. NeuMoDx submits that a timely response to document request no. 2 will satisfy both the document request and Plaintiffs' Alternative Request for relief, while avoiding a massively burdensome task of searching for, collecting and producing prior versions and revisions of over 90,000 pages of technical documents.

We are available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Filing)