IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY, GENEOHM SCIENCES CANADA, INC. and HANDYLAB, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 19-1126 (LPS) ) ) **REDACTED -** |
| NEUMODX MOLECULAR, INC., | ) **PUBLIC VERSION** ) |
| Defendant. | ) |

<u>**PLAINTIFFS' LETTER BRIEF IN SUPPORT OF MOTION**</u>
<u>**FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT**</u>

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Michael J. Flynn (#5333) |
|  | Andrew M. Moshos (#6685) |
|  | 1201 North Market Street |
|  | P.O. Box 1347 |
|  | Wilmington, DE  19899 |
| OF COUNSEL: | (302) 658-9200 |
|  | mflynn@mnat.com |
| Heather M. Petruzzi | amoshos@mnat.com |
| David P. Yin |  |
| WILMER CUTLER PICKERING HALE | *Attorneys for Plaintiffs* |
|    AND DORR LLP |  |
| 1875 Pennsylvania Avenue NW |  |
| Washington, DC 20006 |  |
| (202) 663-6000 |  |

Omar A. Khan
WILMER CUTLER PICKERING HALE
   AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Original Filing Date: January 7, 2021
Redacted Filing Date: January 19, 2021

# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Michael J. Flynn
(302) 351-9661
mflynn@mnat.com

January 7, 2021

*VIA ELECTRONIC FILING*

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 King Street, Unit 26, Room 6124
Wilmington, DE 19801-3556

  Re: *Becton, Dickinson and Co., et al. v. NeuMoDx Molecular, Inc.*,
     C.A. No. 19-1126 (LPS)

Dear Chief Judge Stark:

  Pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Court's Scheduling Order (D.I. 51 ¶ 2), Plaintiffs Becton, Dickinson and Company, GeneOhm Sciences Canada, Inc. and HandyLab, Inc. (collectively "Plaintiffs") respectfully move the Court for leave to file a [Proposed] Second Amended and Supplemental Complaint (attached as Ex. 1). The proposed Second Amended and Supplemental Complaint joins certain Qiagen entities[1] as co-defendants based on activities pertaining to the same accused products and the same asserted patents that are the subject of the operative complaint (D.I. 54). The parties have conferred on this motion, but NeuMoDx could not state whether it opposes.[2]

**I.** **Qiagen Has Long Known That It Could Be Drawn Into This Case, But Especially After Acquiring NeuMoDx And Then Directing NeuMoDx In Its Defense Here.**

  As detailed in the [Proposed] Second Amended and Supplemental Complaint, Qiagen has long been aware of NeuMoDx's infringement and of the prospect of being drawn into this lawsuit. *See* Ex. 1 at ¶¶ 22-23, 42. Qiagen conducted extensive diligence into NeuMoDx in or around the mid-to-late 2018 timeframe and, as a result, learned of NeuMoDx's infringement. *Id.* at ¶ 22, 42. Qiagen acquired a nearly 20% stake in NeuMoDx as well as an option to acquire the remaining shares at a later date. *Id.* at ¶ 19. Qiagen then reached out to Plaintiffs in late 2018, noted its relationship with NeuMoDx, sought an agreement regarding certain asserted patents, and then ultimately filed IPRs against those patents in December 2018 before any agreement could be

---

[1] Specifically, the proposed Second Amended and Supplemental Complaint joins QIAGEN N.V., QIAGEN GmbH, QIAGEN North American Holdings, Inc. ("QIAGEN NA"), and QIAGEN LLC (collectively "Qiagen") as co-defendants. Qiagen acquired NeuMoDx in September 2020.

[2] A reasonable effort was made to reach an agreement with NeuMoDx, including presenting NeuMoDx with a draft of the proposed pleading on December 22, 2020; meeting-and-conferring on December 29; additional conversations between counsel on December 30, January 6; and offering over two weeks for NeuMoDx to provide its position.

The Honorable Leonard P. Stark
January 7, 2021

reached.[3]  *Id*. at ¶ 22.  This case was subsequently commenced in June 2019, and Plaintiffs amended their complaint to add certain additional patents in June 2020. (D.I. 54).

On September 17, 2020, Qiagen exercised its option and fully acquired NeuMoDx.  *See* Ex. 1 at ¶ 19.  Since then, Qiagen has directly controlled and managed this litigation ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and by virtue of its outside counsel having entered appearances on behalf of NeuMoDx in October (*see* D.I. 82)); controlled, directed, and further induced NeuMoDx's infringing conduct with respect to the accused products; and itself sold, offered, distributed, marketed, and provided support for those products, including under its own "Qiagen" brand.  *See id*. at ¶¶ 21-24, 60-64.  Notwithstanding Qiagen's significant role in connection with this litigation, NeuMoDx, and the accused products, NeuMoDx has refused to provide relevant discovery from Qiagen, including discovery relating to, *e.g.* the asserted patents, NeuMoDx (including the acquisition of NeuMoDx), Qiagen's dealings with HandyLab, its assessments of Plaintiffs' competitive products, and its distribution of the accused products.  Ex. 3 at NeuMoDx's Resp. to RFPs 100-104, 118-122.  NeuMoDx has also refused to provide basic discovery into Qiagen's management of NeuMoDx, including any relationships between NeuMoDx employees or directors and Qiagen and any policies and other documents relating to the relationship between NeuMoDx and Qiagen.  *Id*. at RFPs 115-117.

Accordingly, and consistent with the Scheduling Order (D.I. 51 ¶¶ 2, 9), Plaintiffs now seek leave to join the relevant Qiagen entities as co-defendants based on their sales, offers, distribution and related activities pertaining to the same accused products and the same asserted patents that were the subject of the First Amended and Supplemental Complaint (D.I. 54).

**II.   The Motion For Leave Is Timely And Plaintiffs Have Not Unduly Delayed.**

Plaintiffs have acted promptly in seeking leave to amend their complaint.[4]  The merger and acquisition of NeuMoDx was completed only three months ago, during which time Plaintiffs have diligently investigated Qiagen and the present proposed joinder.  Indeed, as described in the [Proposed] Second Amended and Supplemental Complaint, many of the details of Qiagen's direct control and management over NeuMoDx's affairs, as well as other acts of infringement by Qiagen, were not apparent until October or November of 2020.  *See* Ex. 1 at ¶¶ 21-24.  And NeuMoDx's refusal to provide any discovery from Qiagen—even basic discovery relating to Qiagen's management and supervision of NeuMoDx—was not made apparent until December 2020.  *See, e.g.,* Ex. 3 at RFPs 115-117.

Plaintiffs also have acted consistently with the Court's Scheduling Order in timely moving

---

[3] Those IPRs ultimately resulted in the PTAB confirming the validity of all challenged claims.

[4] Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave when justice so requires."  To the extent that the Court treats the proposed complaint as a "supplemental pleading," the "standard under Rule 15(d) is essentially the same as that under 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice."  *Micron Tech., Inc. v. Rambus Inc.,* 409 F. Supp. 2d 552, 558 (D. Del. 2006); *see also Cellectis S.A. v. Precision Biosciences, Inc.*, 881 F. Supp. 2d 609, 614 (D. Del. 2011) ("leave should be 'freely given'"); *Mallinckrodt Inc. v. E-Z-EM Inc.*, 671 F. Supp. 2d 563, 568 (D. Del. 2009) ("leave to supplement should be granted unless it causes undue delay or undue prejudice").

The Honorable Leonard P. Stark
January 7, 2021

for leave to amend or supplement the complaint to join Qiagen. The deadline to join parties or amend the pleadings is March 5, 2021 (D.I. 52, ¶ 2). Plaintiffs bring this motion well before that deadline, and therefore have not unduly delayed, and this motion for leave is timely. *See Invensas Corp. v. Renesas Elec. Corp.*, 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013) ("The fact that the Motion was filed within this deadline. . . strongly supports a conclusion that the amendment was not untimely filed"); *see also E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 621 F. Supp. 310, 315 (D. Del. 1985) (even a delay of six months "cannot be characterized as 'undue'").

### III.     Granting Plaintiffs' Motion Will Not Cause Undue Prejudice.

Joining Qiagen will not cause undue prejudice because Plaintiffs have timely filed their motion and there is near complete overlap between the subject matter and underlying facts of the allegations against NeuMoDx and Qiagen—Plaintiffs are asserting infringement of the same patents against the same accused products as the First Supplemental and Amended Complaint. *See Cellectis*, 881 F. Supp. 2d at 615 ("There is substantial authority for allowing supplemental pleadings where the new infringement claims relate to the same technology . . ."); *Invensas*, 2013 WL 1776112, at *3 (motion within the deadline "strongly supports a conclusion that the amendment was not untimely filed (and, relatedly, that its filing will not work to unfairly prejudice [defendants])"); *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, 2012 WL 2365905, at *2 (D. Del. June 21, 2012) ("The instant motion was filed timely and, therefore, there can be no unfair prejudice to defendant.").

Plaintiffs currently do not anticipate any need for material changes to the case schedule, given that (i) Qiagen has long been aware of the possibility of being drawn into this case; (ii) Qiagen is already managing and directing NeuMoDx, including in this litigation; (iii) fact discovery does not close for another 4 months; and (iv) trial is over 15 months from now. NeuMoDx has suggested that it might be "prejudiced" because of the discovery Plaintiffs might seek from Qiagen, and NeuMoDx has therefore demanded that Plaintiffs specify *exactly* what discovery they might seek, including by identifying the exact number of depositions they might seek. It is unclear how NeuMoDx would be prejudiced by discovery from Qiagen. In any event, the Court should summarily reject NeuMoDx's effort to stall and delay the joinder of Qiagen by putting the proverbial cart before the horse. Once Qiagen has been joined, Plaintiffs can then have discussions with Qiagen about the scope and timing of discovery. It is unreasonable to expect Plaintiffs, at this time, to specify discovery parameters at the level of detail that NeuMoDx requests because Plaintiffs lack necessary information about what discovery and what witnesses are available from Qiagen. In fact, even NeuMoDx claims that it "does not know" what documents Qiagen has or the potential "volume of information." Given that the trial date is over 15 months away, Plaintiffs are confident that—once Qiagen has been joined—the parties can work together to identify the reasonable scope of discovery and, if needed, propose modest adjustments to the schedule that would preserve the trial date.

*     *     *

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion. In accordance with this Court's procedure, a copy of the [Proposed] Second Amended Complaint is attached as Exhibit 1, and a blackline copy showing the changes from the First Amended and Supplemental Complaint is attached as Exhibit 2.

The Honorable Leonard P. Stark
January 7, 2021

                                            Respectfully,

                                            Michael Flynn (# 5333)

cc:    Clerk of Court
        All counsel of record

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 7, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| James K. Cleland, Esquire<br>Michael N. Spink, Esquire<br>Keith Weiss, Esquire<br>DICKINSON WRIGHT PLLC<br>350 S. Main Street, Suite 300<br>Ann Arbor, MI  48104<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Alan G. Carlson, Esquire<br>Gary J. Speier, Esquire<br>Samuel T. Lockner, Esquire<br>Jonathan D. Carpenter, Esquire<br>Alexandra J. Olson, Esquire<br>Peter M. Kohlhepp, Esquire<br>CARLSON, CASPERS, VANDENBURGH &<br> LINDQUIST, P.A.<br>225 S. Sixth Street, Suite 4200<br>Minneapolis, MN  55402<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)