# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY, GENEOHM SCIENCES CANADA, INC. and HANDYLAB, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEUMODX MOLECULAR, INC., QIAGEN GMBH, QIAGEN NORTH AMERICAN HOLDINGS, INC., SUNDARESH BRAHMASANDRA, and JEFFREY WILLIAMS, <br><br> Defendants. | C.A. No. 19-cv-1126-LPS |

### DEFENDANTS JEFFREY WILLIAMS AND SUNDARESH BRAHMASANDRA'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(B)(3) FOR LACK OF VENUE

Dated: May 13, 2021

*Of Counsel:*

DICKINSON WRIGHT
James K. Cleland
Michael N. Spink
Keith Weiss
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104
Tel. 734.302.6000
jcleland@dickinsonwright.com
mspink@dickinsonwright.com
kweiss@dickinsonwright.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile:   (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendants Jeffrey Williams and Sundaresh Brahmasandra*

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.  NATURE & STAGE OF THE PROCEEDINGS ................................................................ 2

III. SUMMARY OF ARGUMENT ............................................................................................ 3

IV.  BACKGROUND AND STATEMENT OF FACTS ............................................................ 3

V.   ARGUMENT ........................................................................................................................ 8

   A.   Venue Is Not Proper In Delaware As To Defendants Williams and Brahmasandra ........ 9

      1.   Section 1391(b)(1) is Not Satisfied ................................................................................ 9

      2.   Section 1391(b)(2) is Not Satisfied .............................................................................. 10

      3.   Section 1391(b)(3) is Not Satisfied .............................................................................. 12

   B.   Williams and Brahmasandra Have Not Consented to Venue in Delaware .................... 12

VI.  CONCLUSION ................................................................................................................... 15

TABLE OF AUTHORITIES

Page(s)

Cases

*Bavarian Nordic A/S v. Acambis, Inc.*,
   486 F. Supp. 2d 354 (D. Del. 2007) ......................................................................................... 11

*Brautigam v. Priest,*
   *Civ* No. 99-365-SLR, 2000 U.S. Dist. LEXIS 3123, 2000 WL 291534 (D. Del. Mar. 2, 2000)
   ..................................................................................................................................................... 11

*Cottman Transmission Sys. v. Martino*,
   36 F.3d 291 (3d Cir. 1994) ........................................................................................................ 10

*Davis v. Smith*,
   253 F.2d 286 (3d Cir. 1958) ...................................................................................................... 12

*In re First Solar*
2013 WL 4051739 (D. Del. July 12, 2013) ..................................................................... 12, 13, 14

*In re First Solar*,
   2013 U.S. Dist. LEXIS 106659 at *3–4 ..................................................................................... 13

*Myers v. American Dental Ass'n*,
   695 F.2d 716, 19 V.I.  (3d Cir. 1982) .......................................................................................... 9

*Neirbo v. Bethlehem Shipbuilding Corp.*,
   308 U.S. 165, 60 S. Ct. 153, 84 L. Ed. 167 (1939) .............................................................. 12, 13

*Olberding v. Illinois Cent. R. Co.*,
   346 U.S. 338, 74 S. Ct. 83, 98 L. Ed. 39 (1953) ........................................................................ 13

*Prof'l Ins. Co. v. Hajjar,*
   55 F. Supp. 3d 537 (D. Del. July 11, 2014) ................................................................................. 9

*Standard Oil Co. v. Montecatini Edison S.p.A.*,

   342 F. Supp. 125 (D. Del. 1972) .................................................................................................. 12

**Statutes**

*10 Del. C. § 3114* ........................................................................................................................... 14

28 U.S.C. § 1391 ................................................................................................................. 1, 3, 8, 9

**Rules**

Federal Rule of Civil Procedure 12(b)(3) ........................................................................................ 9

I. **INTRODUCTION**

Pursuant to Rule 12(b)(3), Defendants Jeffrey Williams and Sundaresh Brahmasandra (collectively referred to at times as "Individual Defendants"), move to dismiss for improper venue recently filed "Counterclaims-In-Reply" Count Nos. 1, 2 and 7-10 asserted against one or both of them for alleged trade secret misappropriation, breach of contract, and other torts. Venue is not proper as to the Individual Defendants under 28 U.S.C. § 1391 because Williams and Brahmasandra reside in Michigan; the new Counterclaims-in-Reply against Williams and Brahmasandra are based entirely upon events that occurred in Michigan and that implicate Michigan law; and the claims could have been brought in the Eastern District of Michigan. Likewise, Williams and Brahmasandra have not waived their right to contest venue by the mere fact that they were former officers of a Delaware corporation. Defendants Williams and Brahmasandra should be dismissed from this case.

These Counts against newly named individual defendants Williams and Brahmasandra are part of a set of eleven new trade secret, contract and tort claims based upon new allegations asserted by Plaintiffs' Becton, Dickinson and Company ("BD"), GeneOhm Sciences Canada, Inc., and HandyLab, Inc. ("HandyLab")(collectively, "Plaintiffs") against NeuMoDx, Williams and Brahmasandra. Defendants NeuMoDx Molecular, Inc. ("NeuModX"), Qiagen GmbH and Qiagen North American Holdings, Inc. (collectively "Qiagen") have concurrently filed a motion requesting that the Court strike or otherwise disallow what are effective amendments to the complaint, and a motion seeking to sever and transfer these eleven new Counterclaims-In-Reply to the Eastern District of Michigan.

## II.     NATURE & STAGE OF THE PROCEEDINGS

This is a patent lawsuit that is nearly two years old and includes thirteen patents asserted against the NeuMoDx and Qiagen defendants.  Suit was initially filed in June 2019 against only NeuMoDx, asserting six patents.  (D.I. 1.)  In June 2020, Plaintiffs sought and obtained leave to add seven additional patents.  (D.I. 52.)  In September 2020, Qiagen acquired NeuMoDx.  Plaintiffs sought and obtained leave to add the Qiagen entities as defendants in February 2021.  (D.I. 169-6, Ex. 96; D.I. 164.)  NeuMoDx and Qiagen's responsive pleadings consisted of various defenses to patent infringement, as well as four counterclaims (the first three filed in August 2019): (1) a declaratory judgment of non-infringement, (2) a declaratory judgment of invalidity, (3) Plaintiffs' breach of contract relating to the waiver of a non-compete provision in Brahmasandra's HandyLab employment agreement that permitted NeuMoDx to develop nucleic acid based testing systems for rapid identification, and (4) a declaratory judgment that a license to the patents between Plaintiffs and Defendants has not been terminated  (D.I. 191, Counterclaim ¶¶ 10-77.)  As of April 14, 2021, Plaintiffs' complaint consisted of thirteen counts of patent infringement against NeuMoDx and Qiagen.  (D.I. 169, ¶¶ 67-189.)

On April 15, 2021, Plaintiffs answered Defendants' counterclaims, and added a completely new set of allegations.  Plaintiffs now contend that NeuMoDx and newly-named former officers of NeuMoDx, Williams and Brahmasnadra, misappropriated Plaintiffs' trade secret and confidential information.  (D.I. 209, pp. 10-53.)  Plaintiffs' asserted eleven new Counts based on these allegations (calling the new claims purported "Counterclaims-in-Reply"): misappropriation of trade secrets under federal law (Count 1); violation of the Michigan and Delaware state trade secrets acts (Count 2); unfair competition (Count 3); conversion (Count 4); trespass to chattels (Count 5); unjust enrichment (Count 6); breach of contract (Count 7); breach of fiduciary duties (Count 8); fraud in the inducement (Count 9); silent fraud (Count 10); and

tortious interference with contract (Count 11).  (*Id*. at pp. 13-38.)  Plaintiffs asserted new Counts 1-2 against both NeuMoDx and new parties Williams and Brahmasandra; Counts 7 and 8 against Williams and Brahmasandra; Counts 9 and 10 against Brahmasandra; and Counts 3-6 and 11 against NeuMoDx. (*Id.*)

Under the current schedule for this case, fact discovery is scheduled to close June 21, 2021, expert reports are scheduled for July 2021 and dispositive motions for November 2021. Trial is scheduled for April 11, 2022.  (D.I. 51.)

**III.    SUMMARY OF ARGUMENT**

Pursuant to Rule 12(b)(3), Defendants Williams and Brahmasandra should be dismissed from this case for lack of venue.  Williams and Brahmasandra are and have been Michigan residents at all times relevant to Plaintiffs' new claims.  The trade secret, contractual and related state law claims are based on actions which occurred entirely in Michigan, by Michigan residents, with contracts specifying Michigan law, and legal theories and alleged facts that involve Michigan law.  Dismissal is appropriate because Plaintiffs could have brought these claims in Michigan. Additionally, Williams and Brahmasandra's service as former officers of NeuMoDx, a Delaware corporation, does not operate as consent to venue or a waiver of Defendant's right to contest venue.  The elements for venue in Delaware under 28 U.S.C. § 1391 ("Section 1391") are not satisfied.

**IV.    BACKGROUND AND STATEMENT OF FACTS**

    **A.    The Parties**

Plaintiffs currently assert thirteen patents in this lawsuit.  All thirteen patents are assigned to HandyLab.  HandyLab is a company that was originally co-founded in 2000 in Ann Arbor, Michigan by Brahmasandra.  (D.I. 209, Counterclaim ¶2.)  Williams later joined HandyLab in 2004 as the CEO.  (*Id*. at Counterclaim ¶4.)  Plaintiff BD acquired HandyLab on November 19,

3

2009. From its inception, while incorporated in Delaware, HandyLab's place of business, employees and operations were located in Ann Arbor, Michigan. (Ex. 1, Williams Decl. ¶4; Ex. 2, Brahmasandra Decl. ¶4.) HandyLab had no place of business, employees or operations in Delaware. (*Id.*) Williams left HandyLab less than a week after the acquisition. (Ex. 1, Williams Decl. ¶6.) Brahmasandra remained with HandyLab as Vice President of Assay Development until March 2011. (D.I. 209 at Ex. 5, p. 1; Ex. 2, Brahmasandra Decl. ¶6.) HandyLab's place of business, operations and employees remained in Ann Arbor until BD closed the facility in late 2011, after both Williams and Brahmasandra left HandyLab. (Ex. 2, Brahmasandra Decl. ¶7.)

Defendant NeuMoDx Molecular, Inc. (originally named Molecular System Corporation) was formed at the end of 2010 by Williams. (Ex. 1, Williams Decl. ¶7.) Brahmasandra joined NeuMoDx in 2012 after BD agreed to waive the remaining period of the non-compete provision from Mr. Brahmasandra's employment agreement with BD. (Ex. 2, Brahmasandra Decl. ¶8.) Williams was NeuMoDx's CEO, and Brahmasandra was NeuMoDx's President and Chief Operating Officer. (Ex. 1, Williams Decl. ¶7; Ex. 2, Brahmasandra Decl. ¶8.)

From 2011 to 2020, NeuMoDx researched, invented, designed, developed, tested and refined a new design for a fully automated molecular diagnostic system for nucleic acid-based testing. (Ex. 1. at ¶9; Ex. 2 at ¶10.) NeuMoDx's new systems were unlike anything before them. NeuMoDx's new system used a combination of novel system architecture, chemistry, sample preparation techniques and processes, and a novel microfluidic cartridge that performed magnetic bead separation, amplification and detection with different components and different controls. (Ex. 1. at ¶10; Ex. 2 at ¶11.) NeuMoDx made sure all reagents and consumables were on board in the fully automated system, requiring an operator only to load samples into the instrument. (*Id.*)

In 2018, NeuMoDx obtained CE approval and began selling its fully automated systems, the NeuMoDx 288 and NeuMoDx 96, in Europe.  (Ex. 1. at ¶11; Ex. 2 at ¶12.)  The NeuMoDx systems allow for rapid, automated diagnostic testing using the polymerase chain reaction ("PCR") technique, a highly accurate means to test samples for the presence of specific viral or bacterial pathogens such as HIV.  (*Id.*)  In March 2020, NeuMoDx obtained an emergency use authorization from the United States FDA for its novel coronavirus (SARS-CoV-2) PCR test assay.  (*Id.*)  A vast majority of NeuMoDx's United States and worldwide sales over the life of the company have been for coronavirus (SARS-CoV-2) testing.  (Ex. 1. at ¶15; Ex. 2 at ¶16.)

In September 2020, Qiagen acquired NeuMoDx.  (Ex. 1. at ¶20; Ex. 2 at ¶21.)  Williams left NeuMoDx in September upon the acquisition.  (Ex. 1, Williams Decl. ¶20.)  Brahmasandra remained for a 6-month period, but then left NeuMoDx in March 2021.  (Ex. 2, Brahmasandra Decl. ¶21.)  From its formation in 2010 until the time Williams and Brahmasandra left the company, NeuMoDx's place of business, employees and operations were located in Ann Arbor, Michigan.  (Ex. 1, at ¶12-14, 17-18; Ex. 2 at ¶13-15, 18-19.)  NeuMoDx was incorporated in Delaware, but had no place of business, employees or operations in Delaware.  (Ex. 1. at ¶21; Ex. 2 at ¶22.)

Since joining HandyLab in 2000 and at all times up to the present, Brahmasandra has been and remains a resident of Ann Arbor, Michigan.  (Ex. 2, Brahmasandra Decl. ¶2.)  Since joining HandyLab in 2004 and at all times up to the present, Williams has been and remains a resident of Chelsea, Michigan (a town just outside of Ann Arbor) or Ann Arbor, Michigan.  (Ex. 1, Williams Decl. ¶2.)

      **B.**      **The New Set of Allegations Giving Rise to Plaintiffs' New Counts**

The subject of this motion is six new trade secret, breach of contract and related tort counts (Counts 1, 2 and 7-10) that Plaintiffs filed against newly named Defendants Williams and/or Brahmasandra on April 14, 2021.  (D.I. 209, pp. 10-53.)  Plaintiffs allege, purportedly based on information recently produced by NeuMoDx, that Brahmasandra retained and/or improperly acquired Plaintiffs' trade secret and confidential information after his employment with HandyLab ended.  (*Id*. at Counterclaim ¶14.)  Plaintiffs allege that Brahmasandra and Williams misappropriated "Plaintiffs' trade secret and confidential proprietary technical and nontechnical information and materials" and "disseminated" it "to other NeuMoDx employees who were involved in the development of NeuMoDx's competing products and business."  (*Id*. at Counterclaim ¶13.)  Plaintiffs also allege that Brahmasandra and Williams breached contractual obligations in the employment contracts that Brahmasandra and Williams purportedly had with BD after BD acquired HandyLab.  (*Id*. at Counterclaim ¶14.)  Plaintiffs further allege that Brahmasandra engaged in fraud during negotiations regarding the non-compete provision of his employment contract with BD.  (*Id*. at Counterclaim ¶¶ 140, 145.)

According to Plaintiffs' new counterclaims, the alleged confidential and trade secret information consists of technical and non-technical information and materials related to (1) research, design and engineering documents and files for diagnostics instruments and microfluidic cartridges, (2) research, design and engineering documents and files for diagnostic assays and reagents, and (3) documents and files related to license and supply agreements, market research, financial information and competitive strategies.  (*Id*. at Counterclaim ¶¶32-33.)  Even more specifically, the alleged "trade secret" information consists of drawings, fabrication requirements, and part lists for diagnostic instruments and cartridges; information relating to experimental results for and compositions of buffers, reagents, and mixtures, information related

to nucleic-acid binding beads; and business information such as purported supplier and vendor lists for components, supplier agreements, and market research. (*Id*. at Counterclaim ¶ 33.)

        C.       **The New Counts Against Williams and Brahmasandra are Based on Allegations Grounded in Michigan, Not Delaware**

The new counts 1, 2 and 7-10 against Williams and/or Brahmasandra rely exclusively on alleged activities of corporations or individuals located in Michigan, and on acts that occurred in Michigan. Each Defendant—NeuMoDx, Williams, and Brahmasandra—is located in Michigan. (Ex. 1, Williams Decl. ¶2; Ex. 2, Brahmasandra Decl. ¶2.) NeuMoDx is incorporated in Delaware, but since its formation, NeuMoDx's place of business has been located in Ann Arbor, Michigan. (Ex. 1. at ¶8; Ex. 2 at ¶9.) NeuMoDx's physical location is 1250 Eisenhower Place, Ann Arbor, Michigan. (D.I. 209, Answer ¶ 1.) Brahmasandra has resided in Ann Arbor, Michigan since at least 1996, and Williams has resided in Chelsea, Michigan since at least 2002, and Ann Arbor, Michigan since 2021. (D.I. 209, ¶ 2, 4; Ex. 1, Williams Decl. ¶2; Ex. 2, Brahmasandra Decl. ¶2.) Williams and Brahmasandra have at all times conducted HandyLab and NeuMoDx business out of the respective Ann Arbor, Michigan locations. (Ex. 1, at ¶4, 19; Ex. 2 at ¶4, 20.) Williams and Brahmasandra have never resided in, or conducted any HandyLab or NeuMoDx business while located in Delaware. (Ex. 1, at ¶21; Ex. 2 at ¶22.)

From its formation in late 2010 and during Williams and Brahmasandra's tenure at NeuMoDx, nearly all of NeuMoDx's employees worked out of its Ann Arbor, Michigan facility. (Ex. 1, at ¶17; Ex. 2 at ¶18.) [1] NeuMoDx's business was conducted out of its Ann Arbor, Michigan facility. (Ex. 1, at ¶12-14, 18; Ex. 2 at ¶13-15, 19.) All of NeuMoDx's documents and electronic data were located at its Michigan facility. (Ex. 1, at ¶16; Ex. 2 at ¶17.) All of the

---

[1] Several NeuMoDx sales employees, at various times, occasionally conducted some work from remote locations, though none did so from Delaware.

research, design, development, testing, manufacturing, regulatory, management, finance, sales[2] and marketing, and other business operations were located in and directed out of NeuMoDx's Ann Arbor, Michigan facilities. (Ex. 1, at ¶12; Ex. 2 at ¶13.) NeuMoDx researched, designed, developed and tested its products, including the NeuMoDx 96 and NeuMoDx 288 molecular systems and all associated instruments, cartridges, assays, reagents and other system components at its Ann Arbor, Michigan facilities. (Ex. 1, at ¶13; Ex. 2 at ¶14.) All of NeuMoDx's products were made or assembled in, and shipped from NeuMoDx's Ann Arbor, Michigan facilities. (Ex. 1, at ¶14; Ex. 2 at ¶15.)

All of Plaintiffs' allegations against Williams and Brahmasandra supporting Counts 1, 2 and 7-10 in the Counterclaims-in-Reply relate to contentions that NeuMoDx's agents "improperly retained, disclosed, used" Plaintiffs' allegedly trade secret or confidential information in the course of their work at or for NeuMoDx. (*See* D.I. 209, Counterclaim ¶ 33; *see also id.* ¶¶ 4-156.) All of the alleged transactions and activities giving rise to Counts 1, 2 and 7-10 against Williams and/or Brahmasandra occurred in the Eastern District of Michigan. (Ex. 1, Williams Decl. ¶21; Ex. 2, Brahmasandra Decl. ¶22.)

## V.   ARGUMENT

Plaintiffs' Counterclaims-in-Reply allege that venue against Williams and Brahmasandra is proper in Delaware (1) pursuant to 28 U.S.C. §1391, and (2) because Williams and Brahmasandra were at one time officers or directors of HandyLab and NeuMoDx, both Delaware corporations. (D.I. 209, ¶11.) Neither forms a valid basis for venue over Williams and Brahmasandra in Delaware.

---

[2] The statement in footnote 1 applies to the sales function, which included some work from remote locations, but not from Delaware.

8

### A. Venue Is Not Proper In Delaware As To Defendants Williams and Brahmasandra

Federal Rule of Civil Procedure 12(b)(3) provides that a defendant can move to dismiss when venue is improper. The movant has the burden of proving that venue is improper in the selected forum. *Myers v. American Dental Ass'n*, 695 F.2d 716, 724, 19 V.I. 642 (3d Cir. 1982).

The claims asserted against Williams and Brahmasandra include federal trade secret misappropriation under the Defend Trade Secrets Act (Count 1), violation of the Michigan and Delaware state trade secrets acts (Count 2); breach of contract (Count 7); breach of fiduciary duties (Count 8); fraud in the inducement (Count 9, Brahmasandra only); silent fraud (Count 10 Brahmasandra only). Venue in trade secret, contract and tort cases is governed by 28 U.S.C. § 1391. *See* 28 U.S.C. § 1391(a) ("Except as otherwise provided by law this section shall govern the venue of all civil actions brought in district courts of the United States[.]").

In pertinent part, Section 1391 provides that a civil action may be brought in:

1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

### 1. Section 1391(b)(1) is Not Satisfied

Defendants Williams and Brahmasandra both reside in Michigan, and have resided in Michigan at all times relevant to Plaintiffs' allegations. (D.I. 209, ¶2, 4; Ex. 1, Williams Decl. ¶2; Ex. 2, Brahmasandra Decl. ¶2) Venue in Delaware is therefore not proper under Section 1391(b)(1). See *Del. Prof'l Ins. Co. v. Hajjar,* 55 F. Supp. 3d 537, *543 (D. Del. July 11, 2014)

9

(holding that venue in Delaware was improper under 1391(b)(1) since defendant Hajjar resided in New Jersey).

### 2. Section 1391(b)(2) is Not Satisfied

The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (internal citations omitted). The alleged transactions, occurrences and/or property giving rise to Counts 1, 2 and 7-10 against Williams and/or Brahmasandra relate to activities in Michigan by individuals located in Michigan. Plaintiffs' allegations supporting the counts against Williams and Brahmasandra relate to contentions that NeuMoDx's agents "improperly retained, disclosed, used" Plaintiffs' allegedly trade secret or confidential information in the course of their work at or for NeuMoDx. (*See Supra III.B*; D.I. 209, Counterclaims ¶¶ 32-33; *see also id.* ¶¶ 4-156.) At all times, Williams and Brahmasandra resided in Michigan, and worked at NeuMoDx in Ann Arbor, Michigan. (Ex. 1, Williams Decl. ¶19; Ex. 2, Brahmasandra Decl. ¶20.) The business activities performed by Williams and Brahmasandra at NeuMoDx occurred in Ann Arbor, Michigan. All of NeuMoDx's documents and electronic data were located at its Michigan facility. (Ex. 1, at ¶16; Ex. 2 at ¶17.) All of the research, design, development, testing, manufacturing, regulatory, management, finance, sales[3] and marketing, and other business operations were located in and directed out of NeuMoDx's Ann Arbor, Michigan facilities. (Ex. 1, at ¶12; Ex. 2 at ¶13.) NeuMoDx researched, designed, developed and tested its products, including the NeuMoDx 96 and NeuMoDx 288 molecular systems and all associated instruments, cartridges, assays, reagents and other system components at its Ann Arbor, Michigan facilities. (Ex. 1, at ¶13; Ex. 2 at ¶14.)

---

[3] The statement in footnote 1 above applies here as well.

10

All of NeuMoDx's products were made or assembled in, and shipped from NeuMoDx's Ann Arbor, Michigan facilities. (Ex. 1, at ¶14; Ex. 2 at ¶15.) Williams and Brahmasandra never conducted any NeuMoDx or other business while located in Delaware. (Ex. 1, at ¶21; Ex. 2 at ¶22.)

Additionally, Plaintiffs' Count 2 alleges misappropriation under and violation of the Michigan Uniform Trade Secrets Act, governed by Michigan law. Plaintiffs' breach of contract allegations in Count 7, based upon the Non-Disclosure and Developments Agreement between Handylab and Brahmasandra (D.I. 209, Ex. 3), and the purported Employment Agreements between BD and Defendants Williams[4] and Brahmasandra (D.I. 209, Exs. 4 and 5), are governed by Michigan law pursuant to the terms of the contracts. The remaining tort claims against Williams and/or Brahmasandra will also likely be subject to Michigan law as Delaware applies the "most significant relationship" test of the Restatement (Second) of Conflict of Laws § 145(1). *Bavarian Nordic A/S v. Acambis, Inc.*, 486 F. Supp. 2d 354, 366 (D. Del. 2007).

The only connection of Williams and Brahmasandra to Delaware is the mere fact that they served as officers of NeuMoDx, a Delaware corporation. None of the events, transactions or occurrences on which the Counterclaims-in-Reply against Williams and Brahmasandra are based occurred in Delaware, and therefore venue in Delaware is not proper under Section 1391(b)(2). See *Del. Prof'l Ins.,* F.Supp.3d at *543 (holding that venue in Delaware was improper under 1391(b)(2) since the parties failed business venture in New Jersey served as the basis for plaintiff's claims against Hajjar, who's rare attendance at board meetings in Delaware was insufficient to establish proper venue, citing *Brautigam v. Priest, Civ* No. 99-365-SLR, 2000 U.S. Dist. LEXIS 3123, 2000 WL 291534 at *4 (D. Del. Mar. 2, 2000)); See also *In re First*

---

[4] Williams was never formally employed by BD.

11

*Solar, Inc. Derivative Litig.*, No. 12-417-GMS-CJB, 2013 U.S. Dist. LEXIS 106659; 2013 WL 4051739, at *6 (D. Del. July 12, 2013) (although the claims arose out of the actions and inactions of Defendants in their roles as directors of a Delaware corporation, because those roles were performed and a majority of the relevant disclosures occurred in Arizona and not in Delaware, the court concluded that the venue in the District of Delaware to be improper under §1391).

### 3.    Section 1391(b)(3) is Not Satisfied

Plaintiffs could have brought Counts 1, 2 and 7-10 against Williams and/or Brahmasandra in the Eastern District of Michigan, where Defendants Williams and Brahmasandra reside, NeuMoDx is located, and the events giving rise to the new claims took place.  Accordingly, venue is also improper under § 1391(b)(3). See *Del. Prof'l Ins. Co.*, 55 F.Supp.3d at *543 (holding that venue in Delaware was improper under 1391(b)(3) since the claims could have been brought in New Jersey).

Because Plaintiffs cannot satisfy any of the three prongs under Section 1391(b), venue is not proper in the District of Delaware and the claims against Williams and Brahmasandra should be dismissed.

### B.    Williams and Brahmasandra Have Not Consented to Venue in Delaware

Venue may also be proper if a party has consented to suit in a particular district, thus having waived any right to challenge venue. *See*, e.g., *Neirbo v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S. Ct. 153, 84 L. Ed. 167 (1939); *Davis v. Smith*, 253 F.2d 286, 288 (3d Cir. 1958); *Standard Oil Co. v. Montecatini Edison S.p.A.*, 342 F. Supp. 125, 132 n.7 (D. Del. 1972).

Plaintiffs allege that venue is proper as to Williams and Brahmasandra because they served as officers, directors or key managerial personnel of HandyLab and NeuMoDx, both Delaware corporations.  (D.I. 209, Counterclaim ¶11.)  However, merely serving as an officer or

12

director of a Delaware corporation does not constitute consent to venue or a waiver of the right to challenge venue. *In re First Solar* is on point. There, Plaintiffs filed derivative shareholder suits in Delaware against eleven current or former non-resident officers of the nominal corporate defendant. *In re First Solar*, 2013 U.S. Dist. LEXIS 106659 at *2 (n.1)(adopting Magistrate Judge Burke's Report and Recommendation, 2013 U.S. Dist. LEXIS 29970 at *2 (D. Del. March 4, 2013). The Court declined to find that defendants waived their federal venue privilege by serving as directors of First Solar, citing to the Supreme Court's decisions in *Neirbo v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 60 S. Ct. 153, 84 L. Ed. 167 (1939), and *Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 74 S. Ct. 83, 98 L. Ed. 39 (1953). *In re First Solar,* 2013 U.S. Dist. LEXIS 106659 at *3–4. The court also noted that *Olberding* requires something more—a manifestation of "actual consent"—in addition to a voluntary act and a relevant statute deeming such act as the designation of a Delaware agent for service of process. *Id.* at *4–5.

      The Court in *In re First Solar* specifically distinguished between personal jurisdiction and venue. The Court contrasted Delaware's nonresident director consent statute, 10 Del. C. § 3114, that provides for personal jurisdiction over mere non-resident officers and directors in certain instances, and the complete absence of a similar statute for venue. The Court found that 10 Del. C. § 3114 does not constitute a waiver of the venue protection afforded to non-resident directors, such as Williams and Brahmasandra. *See id.*; *In re First Solar, Inc. Derivative Litig.*, No. 12-417-GMS-CJB, 2013 U.S. Dist. LEXIS 29970, at *18–20 (D. Del. Mar. 4, 2013). Venue and jurisdiction are "quite different concepts." *Elfers v. Gonzalez*, No. 1:20-cv-00213-SB, 2020 U.S. Dist. LEXIS 232220, at *4 (D. Del. Dec. 10, 2020). Just because a party may have consented to the court's jurisdiction implicitly under 10 Del. C. § 3114, that does not mean that

13

he consented to the district as a venue. *Id.* at *4–5; *Chen v. Sagrera*, No. 16-385-RGA, 2017 U.S. Dist. LEXIS 146367, at *14–15 (D. Del. Sep. 11, 2017)

*Chen* is likewise instructive. The court followed *First Solar* in finding venue was not proper as to the non-resident defendant director of the Delaware corporation at the center of the dispute. C.A. No. 16-385-RGA, 2017 U.S. Dist. LEXIS 146367, at *14–17 (D. Del. Sep. 11, 2017). The Court found that defendants did not consent to venue when they were served via Delaware's statute that designates an in-state agent for service of process by reason of Defendants' voluntary decisions to serve as directors and officers of a Delaware corporation, citing to *First Solar* and 10 Del. C. § 3114. *Id.* at *14-15. The court referred to *First Solar* in noting that absent an assertion in the complaint that defendants had expressly appointed an agent in Delaware, through written designation or by taking other similar action, there was no waiver of the federal venue privilege. *Id.*

Like the defendants above, here Williams and Brahmasandra have not consented to venue in Delaware. They have not expressly appointed an agent in Delaware, and have not and do not waive their right to contest venue in Delaware. (Ex. 1, Williams Decl. ¶22; Ex. 2, Brahmasandra Decl. ¶23.)[5] The Counterclaims-in-Reply do not identify any evidence or arguments that support a finding that Defendants Williams and Brahmasandra waived their right to contest venue. Accordingly, venue is not proper under the waiver exception as to Defendants Williams and Brahmasandra in Delaware either.

---

[5] The undersigned counsel's appearance on behalf of Williams and Brahmasandra for the limited purpose of filing this motion and contesting venue (including a recent stipulation with opposing counsel to coordinate motion deadlines among the Defendants), does not constitute Williams and Brahmasandra's consent to venue in Delaware, or waiver of venue in Delaware.

14

## VI. CONCLUSION

For the reasons explained above, Defendants Williams and Brahmasandra respectfully request that the Court dismiss Counts 1, 2 and 7-10 against them, and that the Court dismiss them as parties from this lawsuit because there is no venue over them in Delaware.

Dated: May 13, 2021

*Of Counsel:*

DICKINSON WRIGHT
James K. Cleland
Michael N. Spink
Keith Weiss
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104
Tel. 734.302.6000
jcleland@dickinsonwright.com
mspink@dickinsonwright.com
kweiss@dickinsonwright.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile:   (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendants Jeffrey Williams and Sundaresh Brahmasandra*