## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY, GENEOHM SCIENCES CANADA, INC. and HANDYLAB, INC., | |
| Plaintiffs, | C.A. No. 19-cv-1126-LPS |
| v. | |
| NEUMODX MOLECULAR, INC., QIAGEN GMBH, and QIAGEN NORTH AMERICAN HOLDINGS, INC., | |
| Defendants. | |

## DEFENDANTS NEUMODX MOLECULAR, INC., QIAGEN GMBH, AND QIAGEN NORTH AMERICAN HOLDINGS, INC.'S LETTER BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE, DISMISS, AND/OR DISALLOW PLAINTIFFS' 'COUNTERCLAIMS-IN-REPLY' NUMBERS 1-11

Dated: May 13, 2021

Of Counsel:
James K. Cleland
Michael Spink
Keith Weiss
Dickinson Wright PLLC
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104
Tel. 734-436-7356
jcleland@dickinson-wright.com

Alan G. Carlson
Gary J. Speier
Samuel T. Lockner
Jonathan D. Carpenter
Alexandra J. Olson
Peter M. Kohlhepp
CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 436-9600

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Str., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendants NeuMoDx Molecular, Inc., Qiagen GMBH, and Qiagen North American Holdings, Inc.*

Dear Chief Judge Stark:

Pursuant to Federal Rule of Civil Procedure 12(f), 12(b)(6), and/or the Court's inherent power to manage its docket, Defendants NeuMoDx Molecular, Inc., QIAGEN GmbH, and QIAGEN North American Holdings, Inc. (hereinafter "Defendants") move to strike, dismiss and/or disallow "Counterclaims-in-Reply" 1-11 contained in Plaintiffs' recently-filed "Answer and/or Reply to Defendants' Counterclaims and Counterclaims-in-Reply" (D.I. 209 (attached as Ex. A)). These new Counterclaims-in-Reply purport to add, almost two years into this case, two new defendants and eleven new trade secret-related claims. While Defendants do not deny that Plaintiffs are entitled to seek to litigate their trade secret-related claims, this case is not the appropriate forum to do so. This is already a complicated 13-patent, multiple-defendant case that is nearing the end of fact discovery. The proposed new claims would drastically expand and disrupt the case, unfairly prejudicing Defendants.

I.      **Plaintiffs Seek to Drastically Expand and Fundamentally Change an Already Complex Lawsuit by Adding Eleven Trade Secret-Based Claims and Two Parties**

This is a patent case involving instruments and processes for performing sample preparation, nucleic acid extraction, and polymerase chain reaction amplification and detection of nucleotide-containing samples. Plaintiffs' original Complaint, filed almost two years ago in June 2019, asserted infringement of six patents against Defendant NeuMoDx only. D.I. 1. In May 2020, Plaintiffs moved to amend their Complaint to add seven additional patents. D.I. 40. In January 2021, Plaintiffs moved to amend the Complaint for the second time, this time to add Qiagen entities as defendants. D.I. 126; D.I. 159. Adding the Qiagen defendants resulted in additional infringement claims, damage claims and theories. The case involves thirteen patents, 120 asserted patent claims, over 50 allegedly infringing products, and difficult patent infringement issues and damage theories. Declaration of Peter Kohlhepp (filed with Defendants' Motion to Sever and Transfer), Ex. 1 and Ex. 2.

The eleven new Counterclaims-in-Reply threaten to overwhelm an already challenging jury trial. The Counterclaims-in-Reply add two new individual defendants (Jeff Williams and Sundaresh Brahmasandra) and eleven new Counts: misappropriation of trade secrets under federal law (Count 1); violation of Michigan and Delaware state trade secrets acts (Count 2); unfair competition (Count 3); conversion (Count 4); trespass to chattels (Count 5); unjust enrichment (Count 6); breach of contract (Count 7); breach of fiduciary duties (Count 8); fraud in the inducement (Count 9); silent fraud (Count 10); and tortious interference with contract (Count 11). D.I. 209, pp. 10-53. Counts 1-2 are asserted against both NeuMoDx and new parties Brahmasandra and Williams, while Counts 3-6 and 11 are asserted against NeuMoDx only, and Counts 7-10 are asserted against Brahmasandra and/or Williams only. None of the eleven new counts are asserted against the two Qiagen Defendants.

Adding these new claims to this case would be equivalent to starting a new case. The trade secret counts alone require discovery and ultimately proof of new issues such as (i) the identity of the alleged trade secrets; (ii) whether the purported trade secrets were generally known or readily ascertainable, (iii) whether the purported trade secrets were subject to reasonable efforts to maintain its secrecy, and (iv) whether and/or to what extent Plaintiffs derived any independent value from the purported secrecy of the trade secrets. The individual defendants, Brahmasandra and Williams, have not participated in the case thus far as parties and would be entitled to conduct their own discovery.

## II.     Plaintiffs Should Have Filed A Motion to Amend

Adding two new parties and eleven new trade secret-related counter-counterclaims without asking for leave of court was procedurally improper.  *See Se. Indus. Tire Co. v. Duraprene Corp.*, 70 F.R.D. 585, 586 (E.D. Pa. 1976) (striking counterclaim-in-reply and finding that an amendment to the complaint was a more appropriate course of action).  Plaintiffs know the proper procedure.  They sought leave to amend when adding patents to the case.  D.I. 40.  They sought leave to amend when adding the Qiagen entities as defendants.  D.I. 126.

But (i) the motion to amend deadline had already passed; and (ii) filing a motion to amend would have required Plaintiffs to show why adding new claims and parties to this two-year old patent infringement case was appropriate and not unfairly prejudicial to Defendants.  Taking advantage of the fact that they had delayed answering Defendants' counterclaims, Plaintiffs filed the new claims and labeled them as "counterclaims-in-reply."  D.I. 209, pp. 10-53.  But these new claims are not "counterclaims-in-reply." They are based on fundamentally different theories and factual allegations than the claims in the existing patent infringement lawsuit.[1]  Plaintiffs' pleading is procedurally improper.

## III.    The Court Should Strike or Dismiss New "Counterclaims-in-Reply" Nos. 1-11

Plaintiffs' new Counterclaims-in-Reply should be evaluated under the motion to amend standard.  *Janssen Pharmaceutica, N.V. v. Mylan Pharm. Inc.*, No. 15-760-SLR-SRF, 2016 U.S. Dist. LEXIS 192881, at *34 (D. Del. July 28, 2016) ("[A counter-counterclaim] should preferably be treated as an amendment to the complaint.").  While Fed. R. Civ. P. 15(a) states that leave to amend should be freely granted "when justice so requires," leave to amend should be denied where the amendment causes undue delay or prejudice.  *Blattman v. Siebel*, No. 15-530-GMS, 2017 U.S. Dist. LEXIS 188472, at *8 (D. Del. Nov. 15, 2017); *see also Cornell & Co. v. OSHRC*, 573 F.2d 820, 823 (3d Cir. 1978) ("[P]rejudice to the non-moving party is the touchstone for the denial of an amendment").  Allowing the new counts here would cause substantial delay and would be highly prejudicial to Defendants for several reasons.

First, undue prejudice exists where the amendment "relates only indirectly, if at all, to the original complaint" and is "related to a defendant not implicated in the original complaint."  *Blattman,* 2017 U.S. Dist. LEXIS 188472, at *8.  That is the case here.  Plaintiffs' new trade secret-related invoke different law and facts than the patent infringement and validity issues at the core of this lawsuit.  While Plaintiffs can undoubtedly point to some evidence in the trade secret case that could apply to the patent case, the fact remains that any such commonality is insignificant compared to overall differences between the patent case and the trade secret-related counts.  The new pleading would substantially change the case, requiring new theories of liability, different damages theories, discovery into entirely new areas, and participation of new parties.  This alone establishes undue prejudice.  *E.g., Cornell*, 573 F.2d at 824; *Inline Connection Corp. v. AOL Time Warner, Inc.*, 237 F.R.D. 361, 370 (D. Del. 2006) (denying an amendment in part because the defendants would be "unduly prejudiced by having to defend

---

[1] Defendants' counterclaims include one count (Count 3) related to Plaintiffs' breach of an Amended Agreement releasing NeuMoDx's former President (Brahmasandra) from a non-compete provision of a contract with Plaintiffs. D.I. 191.  Two of Plaintiffs' Counterclaims-in-Reply (Counts 9 and 10, asserted against Brahmasandra only) contain allegations related to that Amended Agreement.

against these new theories were they introduced at this stage of an already lengthy litigation"); *Robinson v. Delbalso*, No. 1:20-CV-1171, 2020 U.S. Dist. LEXIS 171186, at \*7 (M.D. Pa. Sep. 18, 2020) (striking an amended complaint without prejudice to file a separate action because the amended complaint set forth different causes of action that were unrelated to those presented in the original complaint).

Second, the fact that the deadline for amending pleadings and adding parties has passed is a reason in itself to strike. *Rates Tech., Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1309-10 (Fed. Cir. 2005). A deadline for amendments is imposed for good, practical reasons. It sets the issues to be tried, allows discovery on the identified issues, and provides a timely resolution of the case for the parties. While Plaintiffs claim they only learned of their cause of action recently through discovery in this case, that does not change the fact that the deadline for amendments in this case was March 5, 2021 and that adding the trade secret counts to this case will delay a resolution of the case. *See Genentech, Inc. v. Amgen Inc*., No. 17-1407-CFC, 2020 U.S. Dist. LEXIS 24344, at \*5-6 (D. Del. Feb. 12, 2020) (denying leave to amend two years into the case based on information obtained during discovery because allowing the amendment would not promote judicial economy). And Plaintiffs can proceed with their claims in another case, which would not prejudice Plaintiffs as they just filed these claims.

Third, the amendment would be extremely prejudicial to the Qiagen defendants because none of the eleven new trade secret-related claims are asserted against Qiagen. D.I. 209, pp. 10-53. Indeed, all the alleged conduct of NeuMoDx, Brahmasandra, and Williams occurred long before Qiagen acquired NeuMoDx and has nothing to do with Qiagen. Injecting these unrelated counts would unduly prejudice the Qiagen defendants' ability to defend themselves against Plaintiffs' patent infringement claims. Fed. R. Civ. P. 20(a)(2) (joinder requires a "question of law or fact common to all defendants").

Fourth, the amendment would severely disrupt the schedule. As discussed above, adding brand new trade secret-related claims would require discovery into the subject matter of the eleven new claims and would be equivalent to starting a new case from scratch. The individual defendants, Brahmasandra and Williams, have not participated in the case thus far as parties and would be entitled to conduct their own discovery. Such delay is reason to deny addition of the new counts. *E.g.*, *Blattman,* 2017 U.S. Dist. LEXIS 188472, at \*9-10; *Strikeforce Techs., Inc. v. Phonefactor, Inc*., No. 13-490-RGA-MPT, 2015 U.S. Dist. LEXIS 67606, at \*15-16 (D. Del. May 26, 2015) (denying a motion to add a new defendant two years into the case).

Lastly, the case is already a technically difficult, legally complex patent case. Adding an eleven-count trade secret case to that case would ask too much of a jury to decide.

Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Rule 12(b)(6) requires statement(s) showing that the pleader is entitled to relief. This Court also has the inherent authority to enforce its own orders and manage its docket. Fed. R. Civ. P. 16(f)(1); *Landis v. N. Am. Co*., 299 U. S. 248, 254 (1936). This case has already been amended twice, each time adding complexity. Because addition of Plaintiffs' eleven new trade secret-related "counterclaims-in-reply" does not meet the Rule 15(a) standard to amend, was done without leave, implicates new legal and factual theories, would severely prejudice Defendants and disrupt the case schedule, and would overwhelm the jury, Defendants respectfully request that the Court strike, dismiss, and/or disallow them, without prejudice to Plaintiffs' right to file them in a separate case.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)

4