IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BECTON, DICKINSON AND COMPANY, GENEOHM SCIENCES CANADA, INC. and HANDYLAB, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-1126 (LPS) |
| NEUMODX MOLECULAR, INC., QIAGEN GMBH, QIAGEN NORTH AMERICAN HOLDINGS, INC., SUNDARESH BRAHMASANDRA, and JEFFREY WILLIAMS, | ) ) ) ) ) ) ) | **REDACTED - PUBLIC VERSION** |
| Defendants. | ) ) ) | |

**PLAINTIFFS' OPENING LETTER BRIEF REGARDING
<u>ISSUES RAISED IN THE INTERIM JOINT STATUS REPORT</u>**

OF COUNSEL:

Amy K. Wigmore
Heather M. Petruzzi
David P. Yin
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000

Omar A. Khan
Barish Ozdamar
Laura Macro
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007
(212) 230-8800

Original Filing Date: June 2, 2021
Redacted Filing Date: June 8, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
Andrew M. Moshos (#6685)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com
amoshos@morrisnichols.com

*Attorneys for Plaintiffs*

Dear Chief Judge Stark:

  The Court should reject Defendants' effort to stall discovery, engage in self-help by unilaterally delaying or declining to provide relevant discovery that poses no undue burden on them to produce, and then claim that lengthy modifications to the schedule are needed. Plaintiffs raised three specific issues in that vein in the Interim Joint Status Report (D.I. 292 at 5). Specifically, Plaintiffs respectfully request that the Court compel (i) Defendants to immediately indicate whether they are relying on an advice of counsel defense and, if so, provide relevant discovery on an expedited basis; (2) Defendants to stop withholding and immediately provide documents and discovery that overlap between Plaintiffs' patent claims and their counterclaims-in-reply; and (3) Individual Defendants Brahmasandra and Williams to comply with discovery requests directed to them specifically. In each instance, Defendants should be required complete discovery as expeditiously as possible with little or no disruption to the case schedule.

  **I. Reliance On Advice Of Counsel Defense**. Defendants' interrogatory responses allude to potential reliance on an advice of counsel defense. *See, e.g.*, Ex. 1 at 120-121, 122-123 ("NeuMoDx performed freedom to operate searches…. [NeuMoDx] obtained opinions of counsel."). But Defendants have consistently refused to disclose whether they will assert an advice of counsel defense. In so doing, they have broken commitments they made to Plaintiffs and granted themselves an extension of fact discovery.

  At a February 8, 2021 meet-and-confer—almost 4 months ago—Plaintiffs requested that Defendants disclose their reliance on an advice of counsel defense. Defendants stated that they would provide a date in March by which they would disclose reliance on advice of counsel. Ex. 2 at 17. They failed to do so. Shortly after the Court's May 10 *Markman* decision, Plaintiffs once again requested that Defendants state whether they are relying on any advice of counsel and produce withheld material relating to any such defense. Ex. 3 at 19. Defendants responded that they would provide their position regarding advice of counsel by May 26 and produce any documents by June 9, which was 12 days before the June 21 close of fact discovery. Ex. 3 at 17. On May 25, however—one day before their self-imposed deadline—Defendants said they would *not* be disclosing whether or not they will rely on advice of counsel after all, and failed to provide a new date for the disclosure. Ex. 3 at 4. Thus, with fewer than three weeks remaining before the close of fact discovery, Defendants unilaterally gave themselves an extension of the fact discovery period by declining to provide discovery that was requested 4 months ago.

  Numerous courts have held that accused infringers cannot "wait until the last possible time to assert" the advice of counsel defense, "particularly where doing so runs the risk of precluding [plaintiffs] from conducting adequate discovery." *Intervet v. Merial*, 256 F.R.D. 229, 233 (D.D.C. 2009) (defendant "had a substantial amount of time to consider whether it intends to raise the advice of counsel defense" and ordering it to do so "within the next five days"); *LG.Philips LCD v. Tatung,* 243 F.R.D. 133, 137 (D. Del. 2007) ("there is a point [] when it becomes too late to raise the defense" and ordering defendant to disclose); *GSI Grp., Inc. v. Sukup Mfg. Co.*, 2006 WL 6651778, at *3 (C.D. Ill. Apr. 7, 2006) (similar). Defendants have had ample time to determine whether they will rely on the defense. Fact discovery is approaching completion, and the Court has already issued a *Markman* order. *See Confluent Surgical v. HyperBranch Medical*, C.A. No. 17-688-LPS-CJB (D. Del. Oct. 23, 2017) (D.I. 31 at 101:10-15) (ordering disclosure of reliance on opinion of counsel within 30 days after claim construction ruling). Accordingly, Defendants should be compelled to (i) disclose, within 3 days of the Court's ruling, whether Defendants are relying on an advice of counsel defense; (ii) if so, within 7 days of the Court's ruling, produce responsive documents and supplement interrogatory responses related to that defense, including

The Honorable Leonard P. Stark                                                                                              Page 2
June 2, 2021

all documents and communications referring or relating to any attorney opinions on which they rely, and (iii) within 7 days of the Court's ruling, provide a complete statement of any factual or legal bases for any remaining claims of attorney-client privilege Defendants are asserting over communications with the law firm that provided the attorney opinion(s).

**II. Discovery Relevant To Both Patent Claims and Non-Patent Counterclaims**. Defendants are likewise withholding discovery relating to their misappropriation of Plaintiffs' confidential information, on the basis that it is discovery related to Plaintiffs' "new trade secret and related claims." Ex. 2 at 1. Defendants have already identified and sequestered the requested materials, so producing them promptly would create no disproportionate burden. Moreover, this discovery bears directly on Plaintiffs' patent infringement claims, regardless of the disposition of pending motions relating to Plaintiffs' counterclaims-in-reply. But Defendants continue to delay and withhold those materials in yet another attempt to unilaterally extend the discovery schedule.

On April 13, 2021, after uncovering evidence of NeuMoDx's misappropriation of Plaintiffs' confidential information, Plaintiffs requested that NeuMoDx promptly (i) "[i]dentify all documents, communications and tangible things in NeuMoDx's possession … that constitute, contain or otherwise refer to confidential or proprietary HandyLab or BD information or material ('Confidential Information')"; (ii) "[i]dentify all sources, places or locations where Confidential Information is sourced, placed, or located, including identifying all custodial and non-custodial sources ('Locations of Confidential Information')"; and (iii) "[p]rovide native copies of all [] Locations of Confidential Information to HandyLab's and BD's outside counsel…." D.I. 278-1, Ex. 5. Defendants represented they "have complied" with the first two requests. Ex. 2 at 1, 4.

Plaintiffs have repeatedly—on May 13, 24, 26 and 28—written to Defendants and requested that they produce "(1) Bates-stamped production copies of all Confidential Information, and all documents within Locations of Confidential Information; (2) native-copies of all Confidential Information, and all documents within Locations of Confidential Information."[1] Plaintiffs explained this information is responsive at least to RFP Nos. 10, 46, 70, 71, 129, 130, 131, all of which were served 8 months ago in connection with Plaintiffs' patent infringement claims.[2] There can be no reasonable dispute—and NeuMoDx has never disputed—that the above categories of documents are covered by Plaintiffs' RFPs served in November 2020 and that they are relevant to Plaintiffs' patent claims. Ex. 2 at 3, 5; *see, e.g.*, *Hoechst Celanese v. BP Chems.*, 78 F.3d 1575, 1583 (Fed. Cir. 1996) (misappropriation relevant to willfulness); *10x Genomics v. Celsee*, 2019 WL 5595666, at *4 (D. Del. Oct. 30, 2019) (same for inducement); *Cot'n Wash v. Henkel*, 56 F. Supp. 3d 626, 651 (D. Del. 2014) (same for objective indicia of nonobviousness). Moreover, Defendants have acknowledged the relevance of these types of documents by, *e.g.*, proposing searching their ESI for "BD," "HandyLab," and names of BD and HandyLab products such as "BD MAX" and "Jaguar" (Ex. 5 at 5); and by agreeing to search for documents relevant

---

[1] Plaintiffs also specifically requested subsets of those documents, including "engineering drawings or CAD files relating to or referring to BD or HandyLab," and noted those are responsive to at least those same document requests. Ex. 2 at 8; *infra* n.2.

[2] *See, e.g.,* Ex. 4 (RFP 70: documents "that relate to BD or HandyLab, any BD or HandyLab products, or any BD or HandyLab patents"; RFP 71: documents "that relate to the BD MAX, BD COR, Raider, and/or Jaguar systems"; RFP 129: documents "that support, contradict, or undermine any contention that NeuMoDx intentionally designed away from the Asserted Patents or BD and/or HandyLab products"; RFP 131: documents "relating to whether You copied, considered, or referenced the Asserted Patents or Plaintiffs' technology").

The Honorable Leonard P. Stark                                                                                          Page 3
June 2, 2021

to misappropriation in the personal files of Defendants' employees (Ex. 6; *e.g.*, Ex. 7, 11, 12 (exemplary subpoenas to Mastronardi, Williams, Brahmasandra)).

Even though Defendants have already identified the relevant documents and sequestered them, they are currently refusing to produce them. Defendants' sole explanation for doing so is that those materials are *also* responsive to recently served discovery requests. Those requests were served after Plaintiffs filed their counterclaims-in-reply and they more specifically identify the relevant materials using the same language of Plaintiffs' April 13 letter and May 13 email. *See, e.g.,* Ex. 8 at RFP Nos. 213-226, 234-238. Ex. 2 at 1, 9. The fact that some or all of these documents are also responsive to new requests does not provide any basis for delaying production given that the requested documents are unquestionably responsive to discovery requests served 8 months ago in connection with Plaintiffs' patent claims. Defendants should therefore be compelled to produce these relevant categories of documents within 5 days of the Court's ruling.

**III. Brahmasandra's and Williams's Refusal To Engage In Discovery**. At the parties' May 26 meet-and-confer, counsel for the Individual Defendants Brahmasandra and Williams (and also NeuMoDx) took the position that those individuals do not need to engage in discovery *at all*, including by producing relevant documents in their personal files, until the Court rules on Defendants' motions. Ex. 10; D.I. 292 at 5. That approach again delays the case by withholding discovery that is unquestionably relevant, regardless of the disposition of the pending motions.

*First*, if the Court denies Defendants' pending motions, the Individual Defendants should be ordered to respond to the discovery requests within the original response period or within 5 days of the Court's ruling. *See* Ex. 8, 9, 11-15 (discovery served on Individual Defendants). *Second*, to the extent the Court is not yet prepared to rule on Defendants' pending motions, the Individual Defendants must engage in discovery in the interim because they have not obtained a stay of discovery or protective order. "A party cannot unilaterally absolve itself of its obligation to participate in discovery. Should a party believe it has a basis to refrain from participating in discovery, it should seek a protective order or a stay of discovery." *Bristol-Myers Squibb v. Mylan Pharms.*, 2011 WL 13371929, at *7 n.5 (D. Del. July 18, 2011) (rejecting counterclaim defendant's contention that it need not participate in discovery because it believed "it had filed a meritorious motion to dismiss"); *Willemijn v. Apollo Comput. In*c., 707 F. Supp. 1429, 1441 (D. Del. 1989) (defendant cannot "grant[] itself a stay of discovery" and "unless and until it is granted a stay, defendant should be required to conduct discovery"); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (similar). *Third*, even if the Individual Defendants had sought a stay, they would not have met the standard for obtaining one. Notably, granting a stay of discovery would not "simplify the issues for trial" because, as explained above, discovery as to misappropriation evidence will be relevant to the patent issues in this case regardless of the disposition of Defendants' motions. *See Slate Rock Constr. Co. v. Admiral Ins. Co.*, 2011 WL 1641470, at *3–4 (S.D. Ohio May 2, 2011) (permitting merits discovery notwithstanding pending jurisdictional and venue motions, finding "little reason to delay [the] discovery" because the proponent of discovery would ultimately be able to obtain and utilize the discovery); *Abbott Labs. v. Adelphia Supply*, 2016 WL 4148323, at *1 (E.D.N.Y. Aug. 4, 2016) (similar). Moreover, there can be no disproportionate burden on the Individual Defendants given that the same documents and information would be discoverable via third party subpoenas for documents and depositions.

Accordingly, the Court should compel the Individual Defendants to respond to Plaintiffs' discovery requests within the originally allotted response time or, alternatively, within 5 days of the Court's ruling on this request.

The Honorable Leonard P. Stark  Page 4
June 2, 2021

                                                         Respectfully,

                                                         Michael Flynn (# 5333)

cc:    Clerk of Court
        All counsel of record