IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY, GENEOHM SCIENCES CANADA, INC. and HANDYLAB, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEUMODX MOLECULAR, INC., QIAGEN GMBH, QIAGEN NORTH AMERICAN HOLDINGS, INC., SUNDARESH BRAHMASANDRA, and JEFFREY WILLIAMS, <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 19-1126 (LPS) ) ) ) ) ) ) ) ) |

**STIPULATION RELATING TO PLAINTIFFS' COUNTERCLAIMS-IN-REPLY AND DEFENDANTS' MOTION TO STRIKE, DISMISS, AND/OR DISALLOW PLAINTIFFS' COUNTERCLAIMS-IN-REPLY NOS. 1-11; AND MOTION TO SEVER PLAINTIFFS' COUNTERCLAIMS-IN-REPLY NOS. 1-11 AND MOTION TO TRANSFER**

Whereas, Plaintiffs filed an Answer And/Or Reply To Defendants' Counterclaims And Counterclaims-In-Reply (D.I. 209);

Whereas, Defendants NeuMoDx Molecular, Inc. ("NeuMoDx"), and Qiagen GmbH and Qiagen North American Holdings, Inc. (collectively, "Qiagen") filed a Motion To Strike, Dismiss And/Or Disallow Plaintiffs' Counterclaims-In-Reply Nos. 1-11 ("Motion to Strike") (D.I. 239);

Whereas, Defendants NeuMoDx and Qiagen filed a Motion To Sever Plaintiffs' Counterclaims-In-Reply Nos. 1-11 Pursuant To Fed. R. Civ. P. 21 And Motion To Transfer Pursuant To 28 U.S.C. § 1404 ("Motion to Sever/Transfer") (D.I. 241);

Whereas, in the interest of compromise, aiding judicial efficiency and economy, and narrowing the issues for the Court, the parties have agreed to resolve the pending motions referenced above, on the terms set forth below, and to provide for additional time for discovery into the issues raised by Plaintiffs' Counterclaims-In-Reply.

Wherefore, it is stipulated and agreed by the parties, subject to the approval of the Court:

1.  Solely for the purpose of this litigation, NeuMoDx shall (A) undertake reasonable efforts to collect relevant documents, materials and/or information from Williams and Brahmasandra and will not argue that it is unable to produce documents, material, or information in the possession, custody, or control of Williams or Brahmasandra; and (B), subject to Paragraph 1(A), not argue it is unable respond to written discovery reflecting documents, material, and/or information in the possession, custody, or control of Williams or Brahmasandra.

2.  NeuMoDx will not argue that Williams and/or Brahmasandra are necessary parties to this litigation. Solely for the purpose of this litigation, and only in the event that Williams and Brahmasandra are not parties to this litigation (e.g., by dismissal or transfer) or a separate agreement is reached by the parties to address Williams and Brahmasandra, NeuMoDx agrees that:

    a)  during their respective periods of employment with NeuMoDx or its predecessor(s), Williams and Brahmasandra were acting as officers, directors, agents, and/or key managerial personnel of NeuMoDx;

    b)  NeuMoDx will not argue that any statement or act of Williams or Brahmasandra, during their respective periods of employment with NeuMoDx or its predecessor(s), is not attributable to NeuMoDx to avoid liability of or relief on any claim Plaintiffs have asserted against NeuMoDx in this litigation;

    c)  Plaintiffs need not put on proof regarding: (i) the principal-agent relationship between NeuMoDx on the one hand, and Williams or Brahmasandra on the other; (ii) which of NeuMoDx on the one hand, and

                        Brahmasandra or Williams on the other hand, is responsible for such conduct, including any damages caused by such conduct; and

          d)      to the extent Plaintiffs are relying on an act by, or statement from, Williams or Brahmasandra, made during the periods of their respective employment with NeuMoDx or its predecessor(s), NeuMoDx will not object to the admission of such statement in any proceeding in this litigation, including trial, on the basis of any agency distinction between NeuMoDx on the one hand, and Williams or Brahmasandra on the other hand.

NeuMoDx reserves all rights to object to any such proposed evidence for any other reason, including, without limitation, lack of relevance or lack of foundation.

      3.      Plaintiffs, NeuMoDx, and Qiagen agree that an appropriate continuance of the trial, in order to permit additional time for discovery including into the issues raised by Plaintiffs' Counterclaims-In-Reply, would be to a trial date in the first or second week of December 2022.

      4.      Plaintiffs, NeuMoDx, and Qiagen shall promptly file a proposed revised case schedule within 5 days of the Court ordering this Stipulation. The parties agree that, in order to facilitate adequate time for discovery relating to the Counterclaims-In-Reply, they will not seek a schedule with a close of fact discovery earlier than January 14, 2022 unless all parties agree.

      5.      Contingent upon approval of this stipulation by the Court and entry of the Court's order granting a proposed revised case schedule as contemplated in Paragraph 4 above,

          a)      NeuMoDx and Qiagen agree that they will not file a reply, or other paper, with the Patent Trial and Appeals Board ("Board") arguing that, in connection with the pending petitions in IPR Nos. IPR2021-00250,

        IPR2021-00251, IPR2021-00253, the Board should take into account any continuance in the trial date as a result of this Stipulation.

    b)    Defendants NeuMoDx and Qiagen agree to withdraw their Motion to Strike (D.I. 239) and their Motion to Sever/Transfer (D.I. 241), and NeuMoDx agrees to answer Plaintiffs' Counterclaims-In-Reply within 30 days of entry of the proposed schedule. NeuMoDx and Qiagen reserve the right to re-file and/or bring a subsequent motion to sever or bifurcate closer to the time of trial in this action.

6.    Within three (3) business days of the Court's order granting a proposed revised case schedule, as contemplated in Paragraph 4 above, the parties shall promptly execute and file the attached stipulated dismissal, Exhibit 1, withdrawing the pending motions referenced above.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | FARNAN LLP |
| */s/ Michael J. Flynn* | */s/ Brian E. Farnan* |
| Michael J. Flynn (#5333)<br>Andrew M. Moshos (#6685)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>mflynn@mnat.com<br>amoshos@mnat.com<br><br>*Attorneys for Plaintiffs Becton, Dickinson and Company, GeneOhm Sciences Canada, Inc., and HandyLab, Inc.* | Brian E. Farnan (#4089)<br>Michael J. Farnan (#5165)<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Defendants NeuMoDx Molecular Inc., Qiagen GmbH, and Qiagen North American Holdings, Inc.* |

July 8, 2021

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY, GENEOHM SCIENCES CANADA, INC. and HANDYLAB, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEUMODX MOLECULAR, INC., QIAGEN GMBH, QIAGEN NORTH AMERICAN HOLDINGS, INC., SUNDARESH BRAHMASANDRA, and JEFFREY WILLIAMS, <br><br> Defendants. | C.A. No. 19-1126 (LPS) |

### STIPULATION REGARDING PENDING NEUMODX AND QIAGEN MOTIONS

Whereas, Plaintiffs and Defendants NeuMoDx Molecular, Inc. ("NeuMoDx"), and Qiagen GmbH and Qiagen North American Holdings, Inc. (collectively, "Qiagen") collectively submit that this stipulation serves the interest of judicial efficiencies and economies by, among other things, resolving certain pending motions.

Wherefore, the parties stipulate and agree as follows:

1. Pursuant to the parties' Stipulation Relating to Plaintiffs' Counterclaims-in-Reply and Defendants' Motion to Strike, Dismiss, and/or Disallow Plaintiffs' Counterclaims-in-Reply Nos. 1-11; and Motion to Sever Plaintiffs' Counterclaims-in-Reply Nos. 1-11 and Motion to Transfer, Defendants NeuMoDx, and Qiagen withdraw those motions and they are hereby withdrawn.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | FARNAN LLP |
|---|---|
| /s/ | /s/ |
| Michael J. Flynn (#5333)<br>Andrew M. Moshos (#6685)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>mflynn@mnat.com<br>amoshos@mnat.com | Brian E. Farnan (#4089)<br>Michael J. Farnan (#5165)<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |
| *Attorneys for Plaintiffs Becton, Dickinson and Company, GeneOhm Sciences Canada, Inc., and HandyLab, Inc.* | *Attorneys for Defendants NeuMoDx Molecular Inc., Qiagen GmbH, and Qiagen North American Holdings, Inc.* |

July \_\_\_ , 2021