## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

BECTON, DICKINSON AND COMPANY, )
GENEOHM SCIENCES CANADA, INC. )
and HANDYLAB, INC., )
            )
     Plaintiffs, )
            )  C.A. No. _19-1126-LPS___
    v. )
            )  **DEMAND FOR JURY TRIAL**
NEUMODX MOLECULAR, INC., )
QIAGEN N.V., QIAGEN GMBH, QIAGEN )
NORTH AMERICAN HOLDINGS, INC., )
and QIAGEN LLC, )
            )
     Defendants. )

## DEFENDANT NEUMODX'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COUNTERCLAIMS-IN-REPLY

Defendant NeuMoDx Molecular, Inc. ("NeuMoDx" or "Defendant") hereby answers

Plaintiffs Becton, Dickinson and Company, GeneOhm Sciences Canada, Inc. (jointly "BD"),

and HandyLab, Inc.'s ("HandyLab" and collectively with BD, "Plaintiffs") Counterclaims-in-

Reply (D.I. 209) as follows, wherein each numbered paragraph responds to the identically

numbered paragraph in the Counterclaims-in-Reply :

1.  No answer is required to this statement. Defendants' responses to paragraphs 1-9 of

the Second Amended Complaint are set forth in Defendants' Answer, Affirmative Defenses, and

Counterclaims to Plaintiffs' Second Supplemental Complaint (D.I. 191), which is incorporated

herein by reference.

2.  Pursuant to the Parties Stipulation Relating to Plaintiffs' Counterclaims-in-Reply

and Defendants' motion to dismiss pursuant to Rule 12(b)(3) for Lack of Venue (D.I. 343), the

counterclaims-in-reply against Sundaresh Brahmasandra were dismissed without prejudice, and

he is therefore no longer a party to this action.  Defendant NeuMoDx admits that Brahmasandra

resided on Hollow Oak Drive in Ann Arbor, admit that he co-founded HandyLab, and admit that

he was an officer of HandyLab and that he served as a director. Defendant further admits that Brahmasandra was employed by HandyLab after its acquisition by BD until March 2011 as Vice President of Assay Development. Defendant otherwise denies the allegations of paragraph 2 of the Counterclaims-in-Reply.

3.      Pursuant to the Parties Stipulation Relating to Plaintiffs' Counterclaims-in-Reply and Defendants' motion to dismiss pursuant to Rule 12(b)(3) for Lack of Venue (D.I. 343), the counterclaims-in-reply against Sundaresh Brahmasandra were dismissed without prejudice, and he is therefore no longer a party to this action. Defendant NeuMoDx admits that Brahmasandra was employed by Molecular Systems Corporation, which later changed its name to NeuMoDx from 2012 to 2021 and served as President and Chief Operating Officer.

4.      Pursuant to the Parties Stipulation Relating to Plaintiffs' Counterclaims-in-Reply and Defendants' motion to dismiss pursuant to Rule 12(b)(3) for Lack of Venue (D.I. 343), the counterclaims-in-reply against Jeffrey Williams were dismissed without prejudice, and he is therefore no longer a party to this action. Defendant NeuMoDx admits that Williams has resided at Maximilian Court in Chelsea, Michigan, that he was employed by HandyLab beginning in 2004, and that he was an officer and director of HandyLab before it was acquired by BD. Defendant otherwise denies the allegations of paragraph 4 of the Counterclaims-in-Reply.

5.      Pursuant to the Parties Stipulation Relating to Plaintiffs' Counterclaims-in-Reply and Defendants' motion to dismiss pursuant to Rule 12(b)(3) for Lack of Venue (D.I. 343), the counterclaims-in-reply against Jeffrey Williams were dismissed without prejudice, and he is therefore no longer a party to this action. Defendant NeuMoDx admits that Williams founded Molecular Systems Corp. (later named NeuMoDx) in 2010 and served as its Chief Executive Officer until 2020.

6.     Pursuant to the Parties Stipulation Relating to Plaintiffs' Counterclaims-in-Reply and Defendants' motion to dismiss pursuant to Rule 12(b)(3) for Lack of Venue (D.I. 343), the counterclaims-in-reply against Jeffrey Williams and Sundaresh Brahmasandra were dismissed without prejudice, and they are therefore no longer parties to this action.  No further answer is required to this statement.

7.     No answer is required to this statement. Defendants' responses to paragraphs 50-66 of the Second Amended Complaint are set forth in Defendants' Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Second Supplemental Complaint (D.I. 191), which is incorporated herein by reference.

8.     Admitted.

9.     Denied.

10.     Pursuant to the Parties Stipulation Relating to Plaintiffs' Counterclaims-in-Reply and Defendants' motion to dismiss pursuant to Rule 12(b)(3) for Lack of Venue (D.I. 343), the counterclaims-in-reply against Williams and Brahmasandra were dismissed without prejudice, and Defendant NeuMoDx therefore denies that personal jurisdiction is proper over them subject only to the provisions of that stipulation.  Defendant NeuMoDx admits that Brahmasandra and Williams were officers of HandyLab and NeuMoDx and entered into business and contractual relationships with both companies.  Defendant NeuMoDx otherwise denies the allegations of paragraph 10 of the Counterclaims-in-Reply.

11.     Pursuant to the Parties Stipulation Relating to Plaintiffs' Counterclaims-in-Reply and Defendants' motion to dismiss pursuant to Rule 12(b)(3) for Lack of Venue (D.I. 343), the counterclaims-in-reply against Williams and Brahmasandra were dismissed without prejudice, and Defendant NeuMoDx therefore denies that venue is proper as to them subject only to the

provisions of the stipulation. Defendants otherwise deny the allegations in paragraph 11 of the Counterclaims-in-Reply.

12. No answer is required to this statement. Defendants' responses to paragraphs 1-189 of the Second Amended Complaint are set forth in Defendants' Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Second Supplemental Complaint (D.I. 191), which is incorporated herein by reference.

13. Denied.

14. Denied.

15. The allegations in paragraph 15 are directed to Sundaresh Brahmasandra, who is not a defendant or party to this action. To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denes them.

16. The allegations in paragraph 16 are directed to Sundaresh Brahmasandra, who is not a defendant or party to this action. To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17. The allegations in paragraph 17 are directed to Jeffrey Williams, who is not a defendant or party to this action. To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18. The allegations in paragraph 18 are directed to Jeffrey Williams, who is not a defendant or party to this action. To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18,

and therefore denies them.

19.     The allegations in paragraph 19 are directed to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action. To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20.     The allegations in paragraph 20 are directed to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action. To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies them. With respect to any language quoted by Plaintiffs in this paragraph, the underlying document speaks for itself.

21.     The allegations in paragraph 21 are directed to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action. To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them. With respect to any language quoted by Plaintiffs, the underlying document speaks for itself.

22.     The allegations in paragraph 22 are directed to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action. To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them. With respect to any language quoted by Plaintiffs in this paragraph, the underlying document speaks for itself.

23.     The allegations in paragraph 23 are directed to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action. To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of

the allegations in paragraph 23, and therefore denies them. With respect to any language quoted by Plaintiffs in this paragraph, the underlying document speaks for itself.

24.     The allegations in paragraph 24 are directed to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action.  To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them. With respect to any language quoted by Plaintiffs in this paragraph, the underlying document speaks for itself.

25.     Defendant NeuMoDx admits Brahmasandra was employed by Plaintiffs until March 2011 and Williams was employed by HandyLab until December 2009.  The other allegations in paragraph 25 are directed to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action.  To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the other allegations in paragraph 25, and therefore denies them.

26.     Defendant NeuMoDx admits Williams founded Molecular Systems Corp. in 2010 and Brahmasandra began working at Molecular Systems Corp. in 2012. Defendant NeuMoDx further admits that Molecular Systems Corp. changed its name to NeuMoDx. The other allegations in paragraph 26 are directed to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action.  To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the other allegations in paragraph 26, and therefore denies them.

27.     The allegations in paragraph 27 are directed to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action.  To the extent a response is required, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of

the allegations in paragraph 27, and therefore denies them.

28. Denied.

29. Denied.

30. Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

31. Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies them.

32. The allegations in paragraph 32 are directed in part to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action. To the extent a response is required to the allegations directed to them, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies them. Defendant NeuMoDx otherwise denies the allegations of paragraph 32.

33. The allegations in paragraph 33 are directed in part to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action. To the extent a response is required to the allegations directed to them, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies them. Defendant NeuMoDx otherwise denies the allegations of paragraph 33.

34. Denied.

35. Denied.

36. The allegations in paragraph 36 are directed in part to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action. To the extent a response is required to the allegations directed to them, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies

them.  As to the allegations relating to documents Plaintiffs purport to quote but do not identify in paragraph 36, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies them.  Defendant NeuMoDx otherwise denies the allegations in paragraph 36.

37.     Denied.

38.     The allegations in paragraph 38 are directed in part to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action.  To the extent a response is required to the allegations directed to them, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies them.  Defendant NeuMoDx otherwise denies the allegations of paragraph 33.

39.     The allegations in paragraph 39 are directed in part to Sundaresh Brahmasandra, who is not a defendant or party to this action.  To the extent a response is required to the allegations directed to him, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies them.  Defendant NeuMoDx otherwise denies the allegations of paragraph 33.

40.     Defendant NeuMoDx is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 40, and therefore denies them. With respect to any language quoted by Plaintiffs in this paragraph, the underlying document speaks for itself.

41.     Defendant NeuMoDx is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 41, and therefore denies them. With respect to any language quoted by Plaintiffs in this paragraph, the underlying document speaks for itself.

42.     Defendant NeuMoDx is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 42, and therefore denies them.

43.     The allegations in paragraph 43 are directed in part to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action.  To the extent a response is required to the allegations directed to them, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies them.  Defendant NeuMoDx lacks sufficient information to form a belief as to the truth of the other allegations of paragraph 43, and therefore denies them. With respect to any language quoted by Plaintiffs in this paragraph, the underlying document speaks for itself.

44.     Defendant NeuMoDx is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 44, and therefore denies them.

45.     Defendant NeuMoDx is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 45, and therefore denies them.

46.     Defendant NeuMoDx is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 46, and therefore denies them.

47.     Defendant NeuMoDx is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 47, and therefore denies them.

48.     Defendant NeuMoDx is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 48, and therefore denies them.

49.     Defendant NeuMoDx is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 49, and therefore denies them. With respect to any language quoted by Plaintiffs in this paragraph, the underlying document speaks for itself.

50.     The allegations in paragraph 50 are directed in part to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action.  To the extent a response is required to the allegations directed to them, Defendant NeuMoDx is without knowledge

sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies them. Defendant NeuMoDx lacks sufficient information to form a belief as to the truth of the other allegations of paragraph 50, and therefore denies them.

51.     The allegations in paragraph 51 are directed to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action. To the extent a response is required to the allegations directed to them, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies them.

52.     The allegations in paragraphs 52 are directed in part to Sundaresh Brahmasandra, who is not a defendant or party to this action. To the extent a response is required to the allegations directed to him, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies them. Defendant NeuMoDx admits that Plaintiffs waived Brahmasandra's non-compete provision so he could join MSC. Defendant NeuMoDx lacks sufficient information to form a belief as to the truth of the other allegations of paragraph 52, and therefore denies them.

53.     The allegations in paragraphs 53 are directed in part to Sundaresh Brahmasandra, who is not a defendant or party to this action. To the extent a response is required to the allegations directed to him, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore denies them. With respect to any language quoted by Plaintiffs in this paragraph, the underlying document speaks for itself.

54.     Defendant NeuMoDx admits that on February 23, 2012, HandyLab granted Sundaresh Brahmasandra a waiver of the non-compete provisions of his At Will Employment Agreement so that he could work with Jeffrey Williams at Molecular Systems Corp. ("MSC") to

develop "a nucleic acid based system for performing rapid identification" that permitted him to work for Molecular Systems Corp. ("MSC"), which HandyLab declared "shall not be deemed to Compete with or be Competitive" with HandyLab. Defendant NeuMoDx further admits that Brahmasandra joined Molecular Systems Corp. as President in 2012. Defendant NeuMoDx otherwise denies the allegations of paragraph 54.

55.     Denied.

56.     The allegations in paragraphs 56 are directed in part to Sundaresh Brahmasandra, who is not a defendant or party to this action. To the extent a response is required to the allegations directed to him, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore denies them. Defendant NeuMoDx otherwise denies the allegations of paragraph 56.

57.     The allegations in paragraphs 57 are directed in part to Sundaresh Brahmasandra, who is not a defendant or party to this action. To the extent a response is required to the allegations directed to him, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore denies them. Defendant NeuMoDx lacks sufficient information to form a belief as to the truth of the allegations in paragraph 57 relating to Plaintiffs alleged good faith negotiations, and therefore denies them. Defendant NeuMoDx otherwise denies the allegations of paragraph 57.

58.     The allegations in paragraphs 58 are directed in part to Sundaresh Brahmasandra and Jeff Williams who are not defendants or parties to this action. To the extent a response is required to the allegations directed to them, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore denies them.

59.     Denied.

60.     The allegations in paragraph 60 are directed in part to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action.  To the extent a response is required to the allegations directed to them, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore denies them.  Defendant NeuMoDx otherwise denies the allegations of paragraph 60.

61.     Denied.

62.     The allegations in paragraph 62 are directed in part to Sundaresh Brahmasandra and Jeffrey Williams, who are not defendants or parties to this action.  To the extent a response is required to the allegations directed to them, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore denies them.  Defendant NeuMoDx otherwise denies the allegations of paragraph 62.

63.     The allegations in paragraph 63 are directed in part to Sundaresh Brahmasandra, who is not a defendant or party to this action.  To the extent a response is required to the allegations directed to him, Defendant NeuMoDx is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore denies them.  Defendant NeuMoDx otherwise denies the allegations of paragraph 63.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Defendant NeuMoDx admits that Brahmasandra sent the document identified as

Exhibit 8 to Michael Kusner on February 7, 2013. Defendant NeuMoDx further admits that Kusner sent the email identified as Exhibit 10 to Brahmasandra on February 12, 2013. Defendant NeuMoDx otherwise denies the allegations of paragraph 69.

70. Defendant NeuMoDx admits that Brahmasandra sent the documents identified as Exhibits 11 and 12 to Betty Wu on April 10, 2013. Defendant NeuMoDx otherwise denies the allegations of paragraph 70.

71. Defendant NeuMoDx admits that Brahmasandra and Betty Wu exchanged the emails identified as Exhibit 13. Defendant NeuMoDx otherwise denies the allegations of paragraph 71.

72. Defendant NeuMoDx admits that Brahmasandra sent Williams the email and attachment identified as Exhibits 15 and 16, respectively. Defendant NeuMoDx otherwise denies the allegations of paragraph 72.

73. Defendant NeuMoDx admits that it produced in discovery a copy of the document identified as Exhibit 18 and that it obtained contracts with vendors whose names appear on Exhibit 18. Defendant NeuMoDx otherwise denies the allegations of paragraph 73.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## COUNTERCLAIMS-IN-REPLY

79. No answer is required to this statement.

## FIRST COUNTERCLAIM-IN-REPLY
### Misappropriation Under and Violation of Defend Trade Secrets Act, 18 USC § 1836
### (Against NeuMoDx)

80.     No response is required to the statement in paragraph 80.  To the extent a response is required, Defendant NeuMoDx repeats and re-alleges each and every paragraph above as if fully set forth herein.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     The allegations of paragraph 87 are directed to Jeffrey Williams and Sundaresh Brahmasandra, who are not defendants or parties to this action.  To the extent an answer is required, denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Paragraph 91 is a prayer for relief that requires no response.  To the extent a response is required, Defendant NeuMoDx denies all allegations of paragraph 91.

## SECOND COUNTERCLAIM-IN-REPLY
### Misappropriation Under and Violation of Michigan Uniform Trade Secrets Act, MCL 445.1901 et seq. (MUTSA) and/or Delware Uniform Trade Secrets Act, 6 Del. C. § 2001 et seq. (DUTSA)
### (Against NeuMoDx)

92.     No response is required to the statement in paragraph 92.  To the extent a

response is required, Defendant NeuMoDx repeats and re-alleges each and every paragraph above as if fully set forth herein.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     The allegations of paragraph 98 are directed to Jeffrey Williams and Sundaresh Brahmasandra, who are not defendants or parties to this action.  To the extent an answer is required, denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Paragraph 102 is a prayer for relief that requires no response.  To the extent a response is required, Defendant NeuMoDx denies all allegations of paragraph 102.

**THIRD COUNTERCLAIM-IN-REPLY**
**Unfair Competition**
**(Against NeuMoDx)**

103.    No response is required to the statement in paragraph 103.  To the extent a response is required, Defendant NeuMoDx repeats and re-alleges each and every paragraph above as if fully set forth herein.

104.    Denied.

105.    Denied.

106.    Denied.

107.     Denied.

## FOURTH COUNTERCLAIM-IN-REPLY
### Conversion
### (Against NeuMoDx)

108.     No response is required to the statement in paragraph 108.  To the extent a response is required, Defendant NeuMoDx repeats and re-alleges each and every paragraph above as if fully set forth herein.

109.     Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

## FIFTH COUNTERCLAIM-IN-REPLY
### Trespass to Chattels
### (Against NeuMoDx)

114.     No response is required to the statement in paragraph 114.  To the extent a response is required, Defendant NeuMoDx repeats and re-alleges each and every paragraph above as if fully set forth herein.

115.     Denied.

116.     Denied.

117.     Denied.

118.     Denied.

119.     Denied.

120.     Denied.

121.     Denied.

122.    Denied.

## SIXTH COUNTERCLAIM-IN-REPLY
**Unjust Enrichment**
**(Against NeuMoDx)**

123.    No response is required to the statement in paragraph 123. To the extent a response is required, Defendant NeuMoDx repeats and re-alleges each and every paragraph above as if fully set forth herein.

124.    Denied.

125.    Denied.

## SEVENTH COUNTERCLAIM-IN-REPLY
**Breach of Contract**
**(Against Brahmasandra and Williams)**

126.    The Seventh Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 126 requires no response from Defendant NeuMoDx.

127.    The Seventh Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 127 requires no response from Defendant NeuMoDx.

128.    The Seventh Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 128 requires no response from Defendant NeuMoDx.

129.    The Seventh Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 129 requires no response from Defendant NeuMoDx.

130.    The Seventh Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 130 requires no response from Defendant NeuMoDx.

131.    The Seventh Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 131 requires no response from Defendant NeuMoDx.

132.    The Seventh Counterclaim-in-Reply has not been asserted against Defendant

NeuMoDx and therefore paragraph 132 requires no response from Defendant NeuMoDx.

133.     The Seventh Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 133 requires no response from Defendant NeuMoDx.

## EIGHTH COUNTERCLAIM-IN-REPLY
### Breach of Fiduciary Duties
### (Against Brahmasandra and Williams)

134.     The Eighth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 134 requires no response from Defendant NeuMoDx.

135.     The Eighth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 135 requires no response from Defendant NeuMoDx.

136.     The Eighth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 136 requires no response from Defendant NeuMoDx.

137.     The Eighth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 137 requires no response from Defendant NeuMoDx.

138.     The Eighth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 138 requires no response from Defendant NeuMoDx.

## NINTH COUNTERCLAIM-IN-REPLY
### Fraud in Inducement
### (Against Brahmasandra)

139.     The Ninth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 139 requires no response from Defendant NeuMoDx.

140.     The Ninth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 140 requires no response from Defendant NeuMoDx.

141.     The Ninth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 141 requires no response from Defendant NeuMoDx.

142.    The Ninth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 142 requires no response from Defendant NeuMoDx.

143.    The Ninth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 143 requires no response from Defendant NeuMoDx.

### TENTH COUNTERCLAIM-IN-REPLY
**Silent Fraud**
**(Against Brahmasandra)**

144.    The Tenth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 144 requires no response from Defendant NeuMoDx.

145.    The Tenth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 145 requires no response from Defendant NeuMoDx.

146.    The Tenth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 146 requires no response from Defendant NeuMoDx.

147.    The Tenth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 147 requires no response from Defendant NeuMoDx.

148.    The Tenth Counterclaim-in-Reply has not been asserted against Defendant NeuMoDx and therefore paragraph 148 requires no response from Defendant NeuMoDx.

### ELEVENTH COUNTECLAIM-IN-REPLY
**Tortious Interference with a Contract**
**(Against NeuMoDx)**

149.    No response is required to the statement in paragraph 149.  To the extent a response is required, Defendant NeuMoDx repeats and re-alleges each and every paragraph above as if fully set forth herein.

150.    Defendant NeuMoDx lacks sufficient information to form a belief as to the truth of the allegations in paragraph 150 and therefore denies them.

151.    Defendant NeuMoDx lacks sufficient information to form a belief as to the truth of the allegations in paragraph 151 and therefore denies them.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

**TWELFTH COUNTERCLAIM-IN-REPLY**
**Breach of Qiagen-HandyLab Agreement**
**(Against Qiagen and NeuMoDx)**

157.    No response is required to the statement in paragraph 157. To the extent a response is required, Defendant NeuMoDx repeats and re-alleges each and every paragraph above as if fully set forth herein.

158.    Admitted that HandyLab entered into a valid and enforceable contract with Qiagen, namely the Qiagen-HandyLab Agreement entered on May 21, 2008 and amended on July, 2009. Otherwise, denied.

159.    Qiagen performed under the Qiagen-HandyLab Agreement; otherwise, denied.

160.    Denied.

161.    Denied.

**RESERVATION OF RIGHTS**

162.    The statement in paragraph 162 requires no response from Defendant NeuMoDx.

**DEFENDANT NMDX'S AFFIRMATIVE DEFENSES**

Defendant NeuMoDx denies that Plaintiffs are entitled to any of their prayer for relief (a) – (r).

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiffs' counterclaims-in-reply against Defendant NeuMoDx fail to state a claim, in whole or in part, for which relief can be granted.

### Second Affirmative Defense
### (Statutes of Limitations)

Some or all of Plaintiffs' counterclaims-in-reply against Defendant NeuMoDx are barred in whole or in part by the statutes of limitations applicable to each such counterclaim-in-reply.

### Third Affirmative Defense
### (State Law Preemption)

Plaintiffs' counterclaims-in-reply 3-6 and 11 against Defendant NeuMoDx are barred as preempted under State law according to the Delaware Uniform Trade Secrets Act, 6 Del. C. § 2007(a) ("DUTSA") and/or the Michigan Uniform Trade Secrets Act, M.C.L. § 445.1908 ("MUTSA").

### Fourth Affirmative Defense
### (Equitable Estoppel/Acquiescence/Waiver)

Plaintiffs' counterclaims-in-reply against Defendant NeuMoDx are barred in whole or in part under the doctrines of equitable estoppel, acquiescence, and/or waiver.

Sundaresh Brahmasandra co-founded Plaintiff HandyLab, Inc., in 2000 and was employed by HandyLab as its Vice President of Product Development until he left the company in March 2011.  Jeffrey Williams joined HandyLab in 2004 as its Chief Executive Officer and was employed in that capacity until HandyLab was acquired by Plaintiff BD in 2009.

Plaintiff BD knew when it acquired HandyLab that the products, policies, procedures, protocols, and business practices of HandyLab were the product, in whole or in part, of Williams and Brahmasandra' s innovation, expertise and industry and that these details were inextricably

intertwined with their personal knowledge and skill.

Williams left HandyLab in 2009 shortly after Plaintiff BD acquired the company. As a condition of BD's acquisition of HandyLab, BD required Williams to execute an At-Will Employment Agreement (attached as Exhibit 4 to BD's Counterclaims-in-Reply) that included, *inter alia*, a non-compete provision that prohibited Williams from engaging in any activity "that is directly competitive with or that involves the provision of products that may reasonably be substituted" for any of HandyLab's products.

After the expiration of his noncompete agreement, Williams formed a new company called Molecular Systems Corporation ("MSC"), which was later renamed NeuMoDx Molecular, Inc., and became Chief Executive Officer of the new company. The business plan of MSC/NeuMoDx was to research, invent, design, develop, test and refine a new design for a fully automated molecular diagnostic system for nucleic acid-based testing.

Brahmasandra continued working at HandyLab after the BD acquisition until March 2011 and then left to work at another company. As a condition of BD's acquisition of HandyLab, BD required Brahmasandra to execute an At-Will Employment Agreement (attached as Exhibit 5 to BD's Counterclaims-in-Reply) that contained, *inter alia*, a non-compete provision that prohibited Brahmasandra from leaving BD to work at any company involved "in any activity related to the development of instruments, systems, cartridges or reagents for nucleic acid based testing or any business with respect to which [Brahmasandra] performed services or had access to Confidential Information" for a period of two years.

The noncompete provisions in Williams' and Brahmasandra's At-Will Employment Agreements establish that Plaintiffs believed, as of 2009 and continuing thereafter, that Williams and Brahmasandra possessed unique knowledge and expertise relating to HandyLab's products,

procedures, and business practices.

Plaintiffs voluntarily waived the non-compete provision of Brahmasandra's At-Will Employment Agreement and enabled Brahmasandra to join Williams at MSC/NeuMoDx to develop products that, but for the waiver, he would have been prohibited from working on until February 2013 by his At-Will Employment Agreement.  This came about when Williams and Brahmasandra, in late 2011, contacted senior executives at BD and explained Williams' plan to pursue a startup nucleic acid testing company to serve an unmet need for a system that did not use unitized reagents and offered higher throughput, larger capacity, and more rapid turnaround time with better ease for medium to large hospital central laboratories and clinical reference labs.

Brahmasandra requested a waiver of his noncompete agreement so that he could work with Williams at MSC/NeuMoDx to develop a nucleic acid-based system for performing rapid identification.  On December 21, 2011, BD, through a senior executive responsible for the diagnostic business, granted Brahmasandra's request based upon Williams and Brahmasandra's "good track record."  In return, BD asked for access to review MSC/NeuMoDx's technology for "future potential partnership interest."

Shortly thereafter, on February 23, 2012, BD and Brahmasandra executed an Amendment to Brahmasandra's employment agreement in which BD waived the noncompete provisions and (a) expressly authorized Brahmasandra to "engage in any activity relating to nucleic acid based testing as it relates to the nucleic acid based system for performing rapid identification contemplated by Molecular Systems Corporation"; and (b) declared in writing that the "Proposed Business (MSC) shall not be deemed to Compete with or be Competitive with the Company (HandyLab) or any of its Affiliates for the purposes of this Agreement." As consideration for this waiver of its rights, BD required in the 2012 Amendment that Brahmasandra arrange periodic

meetings with BD's exploratory technology group "for the purpose of providing additional information about the Proposed Business."

Thus, no later than February 2012, BD with full knowledge of NeuMoDx's plans to develop products in the technology space covered by the noncompete provision of Brahmasandra's At-Will Employment Agreement, relinquished and waived its right to prevent Brahmasandra from joining NeuMoDx, declared NeuMoDx's activities to be noncompetitive with Plaintiffs, and communicated these decisions to Brahmasandra, Williams, and NeuMoDx. Plaintiffs thereby authorized, endorsed, and enabled NeuMoDx's plan to develop new products using information, expertise, and skills that Brahmasandra and Williams had acquired and developed during their years at HandyLab.

NeuMoDx relied in good faith on Plaintiff's representations, and Brahmasandra complied with his obligations under the 2012 Amendment to his employment agreement. From 2012 to 2020, NeuMoDx invented and refined a new design for a fully automated molecular diagnostic system for nucleic acid-based testing.

On several occasions during 2012 and 2013, NeuMoDx shared its business purposes, system architecture, technology, patents/patent applications and financing/financing plans with BD under confidentiality restrictions. In September 2013, NeuMoDx inquired with a senior BD executive about BD's interest in participating in a venture financing round for NeuMoDx. NeuMoDx gave BD a two-page summary of its system and technology and informed BD that NeuMoDx "had developed technology combining the best attributes of both integrated cartridge and [a] microplate-based, liquid handling system, with the resulting platform to offer improved ease of use, lower costs, and higher performance compared to other nucleic acid testing systems."

Also in September 2013, NeuMoDx sent BD senior executives a confidential powerpoint presentation describing NeuMoDx's technology and marketing strategy in detail. NeuMoDx presented the powerpoint with details of NeuMoDx system architecture and cartridge design in a meeting with at least five of BD's senior executives, including: (1) a multi-lane microfluidic cartridge that handles magnetic bead capture for washing and release and amplification and detection, (2) a separate extraction plate for lysis and binding, (3) details of its XPCR module, (4) the use of silicon heaters, (5) its membrane valve technology, (6) its robotic liquid handling system, and (7) workflow of system. BD provided positive feedback on NeuMoDx's system.

Thus, by 2013, BD knew the technical details of NeuMoDx products and the manner in which they were developed. Rather than challenge these developments, Plaintiffs condoned and encouraged NeuMoDx in these efforts.

After 2013, NeuMoDx met with representatives of BD at least annually at industry trade shows at which NeuMoDx provided BD with demonstrations of the NeuMoDx products and answered questions about the technology. The last such meeting was at a trade show in April of 2019. BD explained to NeuMoDx that the meetings were intended to keep BD informed about NeuMoDx's technology in the event BD was interested in "partnership interests" or acquiring NeuMoDx. During these meetings, NeuMoDx shared confidential aspects of its technology with BD.

By at least as early as 2013, BD was concerned that the NeuMoDx products under development incorporated BD's intellectual property. Indeed, BD personnel consulted with its attorneys regarding those concerns numerous times from 2013 to 2018.

Despite those concerns, at no time from 2012 to 2018 did BD suggest that NeuMoDx had violated any agreement or misappropriated any of Plaintiffs' intellectual property or other

proprietary information.

Plaintiffs' counterclaims-in-reply seek to renege on Plaintiffs' implicit and explicit promises and penalize NeuMoDx for creating the products and business that Plaintiffs themselves encouraged. Through its actions and its silence, Plaintiffs have waived and acquiesced in the alleged use of Plaintiff's alleged trade secrets and other alleged proprietary information and are estopped from asserting its counterclaims in reply.

### Fifth Affirmative Defense
### (<u>Standing</u>)

One or more Plaintiffs lack standing to assert one or more of their counterclaims-in-reply.

### Sixth Affirmative Defense
### (<u>No Damages</u>)

Plaintiffs are barred, in whole or in part, from recovering damages or other relief in connection with the counterclaims-in-reply.

### Seventh Affirmative Defense
### (<u>No Damages</u>)

Damages alleged by Plaintiff were caused, in whole or in part, by or contributed to by Plaintiff's own actions or the actions of those other than NeuMoDx and over whom NeuMoDx had no control.

### Eighth Affirmative Defense
### (<u>Failure to Mitigate</u>)

Plaintiff has failed to mitigate the harm and/or damages allegedly sustained.

### Ninth Affirmative Defense
### (<u>Speculative Damages</u>)

Any damages alleged by Plaintiff are speculative.

### Tenth Affirmative Defense
### (Federal Preemption)

Plaintiffs' counterclaims-in-reply alleging claims under state law are barred as preempted, in whole or in part, by federal law.

Dated: August 23, 2021

Respectfully submitted,

FARNAN LLP

James K. Cleland
Michael Spink
Keith Weiss
Dickinson Wright PLLC
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104
Tel. 734-436-7356
jcleland@dickinson-wright.com

Alan G. Carlson
Gary J. Speier
Samuel T. Lockner
Jonathan D. Carpenter
Alexandra J. Olson
Peter M. Kohlhepp
CARLSON, CASPERS, VANDENBURGH &
LINDQUIST, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 436-9600
Facsimile: (612) 436-9605

/s/ *Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Str., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant NeuMoDx*